## LALANDE AIR AND WATER CORPORATION v. Linda PRATT

[795 A.2d 1233]

No. 00-202

March 20, 2002. Defendant Linda Pratt appeals from a superior court judgment in favor of Lalande Air & Water Corp. on Pratt's counterclaim for violation of the Consumer Fraud Act. Pratt contends the court erred in ruling that her failure to establish the element of reliance entitled Lalande to judgment as a matter of law. We affirm the judgment, although for reasons other than those stated by the trial court.

This is the second appeal arising out of this ongoing landlord-tenant dispute. As summarized in the earlier appeal, *Lalande Air & Water Corp. v. Pratt*, No. 99-110 (Vt. Nov. 24, 1999) (unpub. mem.), the facts are as follows. In April 1991, Pratt and her father purchased a trailer in Weston's Mobile Home Park, located in the Town of Berlin. At the time, the park was owned by Kenneth and Margaret Weston. Pratt's father resided in the trailer until his death in January 1994. Since 1988 and throughout the proceedings in this case, Pratt has resided in Massachusetts. She became the sole owner of the trailer either shortly before or after her father's death.

In February 1994, the Westons notified their tenants that rent for the lots would be increased from $185 to $220 per month. A number of the mobile home tenants challenged the rent increase under a former provision of the Mobile Home Parks Act permitting a hearing before the Commissioner of Housing and Community Affairs for any rent increase over a certain percentage effective between January 1, 1994 and June 1, 1995. See 10 V.S.A. § 6250 (expired June 1, 1995). In October 1994, the Commissioner issued a written decision, ruling that the Westons would be permitted only a 5% increase, resulting in a monthly rental of $194.25. The Commissioner took judicial notice of litigation then pending that challenged the constitutionality of the rent control provision of § 6250. The Westons appealed the Commissioner's decision to the superior court.

In the meantime, in September 1994, plaintiff Lalande began managing the park, which it had purchased from the Westons. In October and November of 1994, Pratt submitted checks for monthly rent in the amount of $194.25 each. Lalande, however, refused to accept the checks, demanding that Pratt pay the previously imposed rent increase of $220 per month while the appeal of the Commissioner's ruling was pending.

In February 1995, Lalande filed an action against Pratt for past due rent or, in the alternative, for possession of the premises. Pratt counterclaimed, alleging that Lalande's attempt to collect rent in excess of the amount ordered by the Commissioner constituted an abuse of process and violated the Consumer Fraud Act. 9 V.S.A. §§ 2451-2480g.

In July 1996, the parties settled the appeal of the Commissioner's decision, agreeing that Pratt would pay monthly rent of $203, but apparently reserving the issue of the rent to paid for the months of October and November 1994, which was the subject of the eviction action.

In March 1998, Lalande moved for summary judgment on Pratt's counterclaim. The trial court granted the motion, ruling in separate orders that Pratt was not a "consumer" as defined under the Consumer Fraud Act because she was domiciled in Massachusetts and had rented the unit, and that the commencement of the eviction action did not amount to an abuse of process. Pratt appealed the trial court's ruling that she was not a consumer under the Act, and this Court reversed the decision, and remanded for trial of the counterclaim.

See *Lalande*, slip op. at 2-3. In the meantime, the matter had proceeded to trial on Lalande's claim for past due rent, resulting in a judgment in favor of Lalande in the amount of $481.15, consisting of two months rent at $194.25 per month, plus interest and other expenses.

Trial commenced on the consumer-fraud counterclaim in April 2000. After the close of the evidence, the trial court granted Lalande's motion for judgment as a matter of law, concluding that although Lalande's efforts to collect rent in excess of the Commissioner's ruling may have been "unfair," there was no evidence that Pratt had relied on any false or fraudulent representations, and therefore no basis for finding that Lalande had violated the Act. This appeal followed.

The Consumer Fraud Act provides that "[u]nfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful." 9 V.S.A. § 2453(a). In addition to enforcement actions by the attorney general or state's attorneys, the Act provides a private right of action to "[a]ny consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by section 2453, or who sustains damages or injury as a result of any false or fraudulent representations or practices prohibited by section 2453 of this title, or prohibited by any rule or regulation made pursuant to section 2453." *Id.* § 2461(b). In *Bisson v. Ward*, 160 Vt. 343, 348-51, 628 A.2d 1256, 1260-62 (1993), we held that the Act applies to the landlord-tenant relationship, and therefore allowed tenants to bring an action for damages and attorney's fees resulting from a landlord's deceptive act of renting an apartment knowing that it was in violation of health and safety codes. In *Russell v. Atkins*, 165 Vt. 176, 181-82, 679 A.2d 333, 336 (1996), we held that the Act applied to the owners of a mobile home park who had conditioned the lease of a mobile home site on the purchase of a mobile home from them, noting that such a "tying scheme" had been declared illegal by the Federal Trade Commission, and that the Act explicitly directed that Vermont courts be guided by the construction of similar terms in the Federal Trade Commission Act. See 9 V.S.A. § 2453(b).

Here, as noted, the trial court ruled that Pratt had failed as a matter of law to establish a violation of the Act because there was no evidence that she had detrimentally relied on any false or fraudulent representation by Lalande; she had not relied on Lalande's representation that the full monthly rent of $220 was due, had never paid the rent increases demanded by Lalande, and essentially prevailed at trial in the sense that she was ordered to pay only the amount required by the Commissioner. Pratt contends, however, that the court erred in focusing exclusively upon the "deceptive act" component of the Act, observing that § 2453 also prohibits "unfair . . . acts or practices in commerce," and arguing that detrimental reliance is not an element of such a claim. She relies, in this regard, on *Russell*, 165 Vt. at 181-82, 679 A.2d at 336, which recognized a "tying scheme" as violative of the Act, although no element of misrepresentation or reliance was part of the claim. She also cites *Federal Trade Comm'n v. Sperry & Hutchinson Co.*, 405 U.S. 233, 241 (1972), the seminal United States Supreme Court decision broadly construing the "unfair practice" component of the Federal Trade Commission Act to include practices that offend public policy, that are immoral, unethical, oppressive or unscrupulous, or cause substantial injury to consumers.

We have not had occasion to consider directly whether the Consumer Fraud Act provides a private cause of action for "unfair" as opposed to deceptive acts, or requires "reliance" for such a claim. Nor

need we do so here. For even assuming that Pratt was entitled to assert such a claim, the evidence here failed to show that Lalande engaged in any "unfair practice" under the Act. The gravaman of Pratt's consumer fraud claim was that Lalande had improperly attempted — by sending demand letters and ultimately filing a civil action — to collect monthly rent in excess of the Commissioner's ruling. Contrary to Pratt's assertion, however, we are not persuaded that these actions can be construed as so oppressive or unscrupulous as to constitute an unfair practice. As noted, an appeal of the Commissioner's ruling was pending at the time of Lalande's efforts to collect the full rental increase, and the Commissioner herself had taken judicial notice of pending litigation challenging the constitutionality of the rent control statute. Absent something more in the way of unfounded or oppressive legal tactics, proof that Lalande's lawsuit was an act of retaliation for an assertion of tenant rights, or some other unconscionable conduct, we cannot conclude that the rent-collection efforts in this case constituted an unfair practice under the Consumer Fraud Act. See *Quitta v. Fossati*, 808 S.W.2d 636, 644-45 (Tex. Ct. App. 1991) (landlord's efforts to enforce lease did not violate Deceptive Trade Practices Act absent "evidence of overreaching or victimization, . . . or unconscionable acts, or a false misleading or deceptive act on the part of appellants"). Accordingly, we perceive no basis to disturb the judgment. See *Samplid Enters., Inc. v. First Vermont Bank*, 165 Vt. 22, 28, 676 A.2d 774, 778 (1996) (Court may affirm judgment where right result was reached for wrong reason).

*Affirmed.*