2003 VT 78

## Caledonian-Record Publishing Company, Inc. v. Vermont State College, et al.

[833 A.2d 1273]

No. 02-412

Present: Amestoy, C.J., Dooley and Skoglund, JJ., and Allen, C.J. (Ret.) and Gibson, J. (Ret.), Specially Assigned

Opinion Filed September 5, 2003

*Philip H. White* of *Wilson & White, P.C.*, Montpelier, for Plaintiff-Appellant.

*Mary Alice MacKenzie*, Waterbury, and *Joseph P. McConnell* and *Maura D. McLaughlin* of *Morgan, Brown & Joy, LLP*, Boston, Massachusetts, for Defendants-Appellees.

¶ 1.  **Skoglund, J.** Plaintiff Caledonian-Record Publishing Company, Inc. appeals from a superior court order denying its request for access to student disciplinary records and hearings at Lyndon State College and the Vermont College System as a whole. Plaintiff contends the court erred in concluding that the disciplinary records and hearings are generally exempt from public access under the Vermont Open Meeting Law and Public Records Act and the federal Family Educational Rights and Privacy Act. We affirm, but for reasons different from those stated by the trial court.

¶ 2.  Plaintiff filed a complaint for declaratory and injunctive relief against defendants Vermont State College (VSC), Lyndon State College (LSC) and Robert Clark and Carol Moore, the respective presidents of the two institutions, seeking access to the daily logs maintained by LSC's Department of Campus Security, and student disciplinary records and disciplinary hearings relating to allegations of student misconduct in violation of the criminal law and the student code of ethics. LSC provided the requested security logs, but otherwise claimed that the records and hearings in question were exempt from public access under the Vermont Open Meeting Law, 1 V.S.A. §§ 310-314, and Public Records Act, 1 V.S.A. §§ 315-320, and the federal Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (FERPA) (commonly known as the Buckley Amendment).

¶ 3.  The parties stipulated to most of the pertinent facts. Thereafter, following a hearing, the court issued a written decision, setting forth its legal conclusions. With respect to student disciplinary hearings, the court noted that VSC and LSC had stipulated to the conclusion that they are instrumentalities of the State and as such generally subject to the Open Meeting Law. See *Animal Legal Def. Fund, Inc. v. Institutional Animal Care & Use Comm. of Univ. of Vt.*, 159 Vt. 133, 138, 616 A.2d 224, 227 (1992). The court found, however, that the majority of disciplinary proceedings conducted before single

hearing officers are not "meetings" before a "public body" under § 312(a), and therefore not subject to the Open Meeting Law.

¶ 4. The court applied a different analysis to disciplinary proceedings conducted before multi-member hearing panels and appeals boards, ruling that they constitute "education records" which must be kept confidential under FERPA, 20 U.S.C. § 1232g(b). See 1 V.S.A. § 312(e) (exempting from Open Meeting Law those "proceedings, records, or acts which are specifically made confidential by the laws of the United States of America or of this state.").[1] The court further found, however, that under FERPA the final results of a disciplinary proceeding against a student accused of any crime of "violence . . . or a nonforcible sex offense" could be released if the college determines that the student violated the college's rules by committing the offense. 20 U.S.C. § 1232g(b)(6)(B).

¶ 5. The court applied a similar analysis to the Public Records Act claim, concluding that student disciplinary records are "education records" under FERPA, and therefore within the scope of 1 V.S.A. § 317(c)(11), which exempts from public disclosure "student records at educational institutions funded wholly or in part by state revenue; provided, however, that such records shall be made available upon request under the provisions of the Federal Family Educational Rights and Privacy Act."

¶ 6. Thus, the court denied plaintiff's general request for access to student disciplinary records and hearings and ordered disclosure of the final results of any disciplinary proceeding against a student accused of a crime of violence or nonforcible sex offense if found to have violated college rules by committing the offense. The court also directed defendants to comply with the reporting requirements of the Student Right-to-Know and Campus Security Act (Clery Act), 20 U.S.C. § 1092(f)(1)(F), which requires colleges to publish statistics — but not names of individual students — concerning the occurrence of campus crimes. The court denied plaintiff's request for attorney's fees. This appeal followed.

¶ 7. Plaintiff challenges the trial court's denial of its requests for access to student disciplinary hearings and student disciplinary records maintained by LSC and VSC. We reach the same result as the trial court but based on different reasoning. See *Lalande Air & Water*

---

[1] The Family Educational Rights and Privacy Act states that federal funds will be withheld from any educational institution that has a "policy or practice of permitting the release of education records" to anyone other than certain enumerated persons and entities. 20 U.S.C. § 1232g(b)(1).

*Corp. v. Pratt*, 173 Vt. 602, 604, 795 A.2d 1233, 1236 (2002) (mem.) (Court may affirm judgment where right result was reached for wrong reason). The trial court, as noted, denied disclosure based, in part, on the statutory exception for records and proceedings "made confidential by the laws of the United States," 1 V.S.A. § 312(e), and the confidentiality provisions of FERPA. We note, however, that state and federal courts are sharply divided on this issue. Some have questioned whether the federal law, merely by withholding funds from educational institutions that release education records to anyone other than certain enumerated persons, affirmatively prohibits disclosure of student records. See, e.g., *Red & Black Publ'g Co. v. Bd. of Regents*, 427 S.E.2d 257, 261 (Ga. 1993) ("[W]e have serious questions whether the Buckley Amendment even applies to the [open meeting] exemptions argued by the defendants since the Buckley Amendment does not prohibit disclosure of records. Rather, . . . the Buckley Amendment provides for the withholding of federal funds for institutions that have a policy or practice of permitting the release of educational records."); *Bauer v. Kincaid*, 759 F. Supp. 575, 589 (W.D. Mo. 1991) ("FERPA is not a law which prohibits disclosure of educational records. It is a provision which imposes a penalty for the disclosure of educational records."). But cf. *DTH Publ'g Corp. v. Univ. of N. C. at Chapel Hill*, 496 S.E.2d 8, 12 (N.C. Ct. App. 1998) ("Although FERPA does not *require* UNC to do anything, but instead operates by withholding funds, we hold FERPA does make student education records 'privileged or confidential' for [open meeting law] purposes.").

¶ 8. The trial court's conclusion that student disciplinary proceedings are "education records" as defined by FERPA has also been the subject of sharp dispute. Compare *Red & Black*, 427 S.E.2d at 261 (disciplinary records of university's student organization court "are not of the type the Buckley Amendment is intended to protect, i.e., those relating to individual student academic performance, financial aid, or scholastic probation."); *Kirwan v. Diamondback*, 721 A.2d 196, 206 (Md. 1998) ("education records" under FERPA do not include records of student relating to parking infractions or violations of NCAA athletic regulations); *State ex rel. Miami Student v. Miami Univ.*, 680 N.E.2d 956, 958 (Ohio 1997) (university disciplinary records are not "education records" under FERPA, and therefore not exempt from disclosure under open meeting law exemption for records "the release of which is prohibited by state or federal law"); with *United States v. Miami Univ.*, 294 F.3d 797, 811-13 (6th Cir. 2002) (holding, contrary to

Ohio Supreme Court, that student disciplinary records are "education records" under FERPA); *Connoisseur Communication of Flint v. Univ. of Mich.*, 584 N.W.2d 647, 649 (Mich. Ct. App. 1998) (university records relating to student athlete's motor vehicle violation are "education records" under FERPA); *DTH*, 496 S.E.2d at 13 ("Given the breadth of FERPA's definition of 'education records' . . . the student [disciplinary] records at issue in this appeal are protected as 'education records' under FERPA and are 'privileged or confidential pursuant to the law . . . of the United States' under [open meeting law]."). See generally, S. Bassler, *Public Access to Law School Honor Code Proceedings*, 15 Notre Dame J.L. Ethics & Pub. Pol'y 207, 230-37 (2001) (discussing FERPA cases).

¶ 9. It is unnecessary, in our view, to resolve these disputed issues under FERPA. We conclude, rather, that the express Public Records Act exception for "student records" is directly on point and plainly exempts the student disciplinary records from disclosure. See 1 V.S.A. § 317(c)(11) (exempting from disclosure "student records at educational institutions funded wholly or in part by state revenue" except where disclosure is required upon request under FERPA); *Animal Legal Defense Fund*, 159 Vt. at 139-40, 616 A.2d at 227 (noting that student records exception demonstrates that University of Vermont is generally subject to Act). Although the Public Records Act does not define "student records," the language of the exception is broad and unqualified. We find nothing in the Act or other evidence to suggest any content-based restrictions limiting the exception, for example, to student academic performance, financial aid, or other strictly scholastic subjects, or excluding records relating to violations of the student ethics code or the criminal law. See *Lecours v. Nationwide Mut. Ins. Co.*, 163 Vt. 157, 161, 657 A.2d 177, 180 (1995) (where Legislature omitted language from statute, "we are constrained not to rewrite [it]"); *Marston v. Gainesville Sun Publ'g Co.*, 341 So. 2d 783, 785 (Fla. Dist. Ct. App. 1976) (Florida public records act excludes disclosure of student disciplinary records). Student disciplinary records maintained by LSC and the Vermont College System are therefore exempt from disclosure.

¶ 10. Although plaintiff's amended complaint had also sought access to the disciplinary hearings themselves, in its briefing and at oral argument before this Court plaintiff took the position that the hearings could be held in closed executive session, but argued that such hearings must comply with the executive-session provisions of 1

V.S.A. § 313(a), which require a motion in public indicating the nature of the executive session, a vote for any formal action in public session, and disclosure of any resulting minutes. Plaintiff made it clear that it really wants access only to the minutes, which would show the action of the hearing officer or panel, and the reason for the decision. In view of plaintiff's position, we need not decide whether the Open Meeting Law requires access to the disciplinary hearings, or whether under the Open Meeting Law disciplinary proceedings before single hearing officers warrant different treatment from hearings before multi-member hearing panels. Regardless of these questions, it is clear that minutes and other records generated by such proceedings fall within the broad "student records" exemption under the Public Records Act, discussed above, and therefore are exempt from disclosure. Further, although "academic records or suspension or discipline of students" are among the subjects that a public body may consider in executive session, 1 V.S.A. § 313(a)(7), and school boards often retire to discuss such policy areas, we do not believe that disclosure of records generated by disciplinary adjudications such as those at issue here is required when to do so would eviscerate the privacy considerations underlying the student records exception. See *DTH*, 496 S.E.2d at 13 (student disciplinary proceedings may be closed because "it is impossible to hold a student disciplinary hearing without divulging student records" which are otherwise confidential).[2]

¶ 11. In essence, plaintiff is attempting to evade the clear mandate of the Public Records Act that the disciplinary decision be confidential by means of the Open Meeting Law. We do not believe the Open Meeting Law allows this evasion. Section 312(e) states that the Open Meeting Law cannot be construed to make public any "records" that are "specifically made confidential by the laws . . . of this state." The minutes are public records, *id.* § 317(b), and the decisions reflected in those minutes are made confidential by § 317(c)(11).

---

[2] In its brief, plaintiff also asserted that access to the student disciplinary records and proceedings was compelled by the First Amendment to the United States Constitution and its equivalents under the Vermont Constitution. Plaintiff's argument of the point is perfunctory, and may be adequately addressed by noting that the Constitution does not guarantee the press a right to access not available to the public generally, see *Branzburg v. Hayes*, 408 U.S. 665, 684 (1972), and that student disciplinary hearings and records are not criminal proceedings or records to which the press has historically had access. See *United States v. Miami Univ.*, 294 F.3d 797, 821-24 (6th Cir. 2002) (denial of right of access to student disciplinary proceedings and records does not violate First Amendment). Accordingly, we discern no constitutional violation.

¶ 12. We thus conclude that the trial court properly denied plaintiff's request for access to student disciplinary records and proceedings at LSC. We note, however, that the "student records" exception itself provides an exception for records that may be released, upon request, under FERPA. 1 V.S.A. § 317(c)(11). Therefore, the court also properly ordered disclosure of the "final results" of any disciplinary proceeding against a student alleged to have committed a "crime of violence" or "nonforcible sex offense" where the college determines that the student violated the college's rules by committing the offense. 20 U.S.C. § 1232g(b)(6)(B).

¶ 13. We have noted on more than one occasion the essential public interest in broad access to governmental records and proceedings. See *Trombley v. Bellows Falls Union High Sch.*, 160 Vt. 101, 106-07, 624 A.2d 857, 861 (1993); *Finberg v. Murnane*, 159 Vt. 431, 436, 623 A.2d 979, 981 (1992). We have also recognized the important privacy interests that underlie the enumerated statutory exceptions to the rule of access. *Trombley*, 160 Vt. at 109-10, 624 A.2d at 863. In our view student disciplinary adjudications and records at LSC and other campuses of the VSC system fall squarely within the express statutory exception for "student records," and we are therefore not at liberty to grant plaintiff's request for their routine disclosure. Of course, the delicate balance inherent in these competing interests is, and remains, a legislative prerogative to alter or amend.

*Affirmed.*