2004 VT 102

# Wesco, Inc. and Odessa Corporation v. William Sorrell, as Attorney General of the State of Vermont and the Office of the Attorney General

# Wesco, Inc. and Odessa Corporation v. Scott Johnstone, as Secretary of the Vermont Agency of Natural Resources and the Vermont Agency of Natural Resources

[865 A.2d 350]

Nos. 03-334 and 03-337

Present: **Dooley, Johnson, Skoglund and Reiber, JJ., and Allen, C.J. (Ret.), Specially Assigned**

Opinion Filed October 8, 2004

*Megan J. Shafritz* and *Robert F. O'Neill* of *Gravel and Shea*, Burlington, for Plaintiffs-Appellants.

*William H. Sorrell*, Attorney General, and *Mark J. Di Stefano* and *Michael O. Duane*, Assistant Attorneys General, Montpelier, for Defendants-Appellees.

¶ 1. **Skoglund, J.** Appellants Wesco Incorporated and Odessa Corporation appeal from a Chittenden County Superior Court order granting summary judgment in favor of the Attorney General's Office (AGO) and the Agency of Natural Resources (ANR). Appellants requested production of documents under Vermont's Access to Public Records Act; these were the same documents they sought and were denied during discovery in cases pending in district and environmental courts. The superior court denied appellants' public records requests, finding that the documents were relevant to ongoing litigation and thus exempt from production under 1 V.S.A. § 317(c)(14). We agree and affirm.

¶ 2. Appellants are owners and operators of numerous gas stations in Vermont. They are also defendants in two pending state court actions relating to their facilities. The first action is a criminal case filed by the AGO in district court in which appellants are charged with the reckless release of gasoline at their Winooski facility, Winooski Exxon, in violation of criminal environmental statutes. The second case is a civil case filed by ANR in environmental court alleging that appellants violated state air quality and hazardous materials standards at other facilities not including the Winooski Exxon.

### District Court Case

¶ 3. In the criminal case, appellants sought discovery of documents relating to any investigations of appellants' facilities, not just the Winooski Exxon, including specifically, production of documents relating to any state investigation of appellants' Hilltop gas station. Appellants also sought a listing of all documents the AGO did not produce based on a claim of privilege (hereinafter referred to as privilege log). The AGO refused to produce the documents requested and appellants filed a motion to compel. The AGO opposed the motion, arguing that documents relating to the Winooski Exxon had already been produced, and that appellants were not entitled to discovery of documents relating to the Hilltop station or any other of their facilities because they failed to make a threshold showing of selective prosecution sufficient to justify disclosure. The district court held a hearing on July 9, 2002 on the motion to compel in which it addressed some of the production questions and suggested the parties resolve as many of the remaining issues as possible on their own. With respect to appellants' request for production of documents relating to the Hilltop station, the court suggested that appellants file a public records request.

¶ 4. In July and August 2002, after the district court hearing, appellants sent a series of public records requests to both the AGO and ANR pursuant to Vermont's Access to Public Records Act. See 1 V.S.A. § 315. In the requests, appellants sought many of the same documents they requested in discovery in the district court action, including various documents relating to both the Hilltop and Winooski stations. The AGO and ANR provided appellants with a privilege log and permitted appellants to inspect some of the files they requested. But, the AGO and ANR denied access to some documents they considered exempt from disclosure on grounds of privilege, work-product, or relevance to ongoing litigation. See 1 V.S.A. § 317(c)(4), (5), (14). Appellants appealed their requests to the Attorney General and the Secretary of ANR according to 1 V.S.A. § 318(a)(2), (3); these appeals were also denied.

¶ 5. Then, in October 2002, appellants filed a second motion to compel in district court, renewing their request for production of the same documents listed in their first motion to compel and arguing that the privilege log provided was inadequate. The AGO again opposed the motion, insisting that documents relevant to other state investigations were not discoverable absent a threshold showing of selective prosecution. With respect to the privilege log, the AGO requested that the district court conduct an in camera review of the documents to verify that they were indeed privileged. In an April 2003 order, the district court denied appellants' motions to compel and limited discovery of documents to only investigations of the Winooski Exxon. The court reasoned that, not only had appellants not met their burden on their claim of selective prosecution, but they requested documents regarding investigations of their own facilities which did not seem to support their selective enforcement theory. The court agreed to review the documents withheld for privilege in camera, and, in August 2003, ruled that these documents were indeed exempt from disclosure as work-product.

*Environmental Court Case*

¶ 6. In the environmental court case, appellants, along with other defendants in the action, requested a hearing before the court in connection with four administrative orders issued by ANR alleging violations of Vermont air quality and hazardous materials laws. The Winooski Exxon was not subject to these orders. In August 2002, appellants sought discovery of documents relating to any investiga-

tions, enforcement actions, or lawsuits filed by ANR against anyone in the last twenty years. ANR objected to the request and appellants moved to compel based on a theory of selective prosecution. ANR opposed the motion to compel on grounds that appellants had not made the requisite showing of selective enforcement. Also in August 2002, while the motion to compel was pending, appellants filed a public records request seeking a subset of the documents requested through discovery, including lists of all companies against whom penalties were assessed by the ANR in the last ten years. ANR denied the requests, arguing that the documents were exempt from disclosure because they were privileged, work-product, and relevant to ongoing litigation. Appellants appealed this decision to the Secretary of ANR who upheld the denial.

¶ 7. In July 2003, the environmental court issued an order granting in part and denying in part appellants' motion to compel. The court ordered ANR to produce a small group of the documents appellants requested on grounds that they were entitled to limited discovery on cases brought against other members of the regulated community for the sole purpose of showing that other entities were similarly situated to support their theory of selective prosecution.

¶ 8. Meanwhile, prior to receiving final rulings on their pending motions to compel in both the district and environmental courts, appellants filed two separate complaints in Chittenden Superior Court contesting the AGO and ANR's refusal to produce the documents sought in their public records requests. See 1 V.S.A. § 319(a). The first complaint was filed against Attorney General William Sorrell and the AGO, and the other against Secretary Scott Johnstone and ANR. The AGO and ANR filed a summary judgment motion seeking dismissal of the consolidated cases on grounds that the documents sought were exempt from disclosure because they were privileged, work-product, related to "the detection and investigation of crime," and "relevant to litigation" under 1 V.S.A. § 317(c)(4), (5), (14). Appellants filed a cross-motion for summary judgment alleging that, based on the district court ruling that the documents were not relevant, the documents requested could not be exempt under § 317(c)(14) as a matter of law. In June 2003, the superior court ruled that the documents appellants sought were exempt from disclosure under § 317(c)(14) and granted

appellees' motion for summary judgment, dismissing the actions.[1] This appeal followed.

¶ 9. We review trial court decisions granting summary judgment de novo and apply the same standard as the trial court. See *Agency of Natural Res. v. United States Fire Ins. Co.*, 173 Vt. 302, 305, 796 A.2d 476, 478-79 (2001) (A "decision to grant a motion for summary judgment will be affirmed if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."). The parties filed cross-motions for summary judgment and agree that there are no material facts in dispute. This case presents, therefore, a question of law, which we give "nondeferential and plenary" review. *Thompson v. Dewey's S. Royalton, Inc.*, 169 Vt. 274, 276, 733 A.2d 65, 67 (1999).

¶ 10. The issue presented is whether the documents sought by appellants are exempt from public disclosure under Vermont's Access to Public Records Act, 1 V.S.A. §§ 315-320, because they are "relevant to litigation," *id.* § 317(c)(14). We have established a method for analyzing appeals arising under the Act. The Public Records Act represents a strong policy favoring access to public documents and records. See *Trombley v. Bellows Falls Union High Sch.*, 160 Vt. 101, 106-07, 624 A.2d 857, 861 (1993) (emphasizing that the Act is to be construed liberally and in favor of granting access). Exceptions to that general policy of disclosure are listed in 1 V.S.A. § 317(c). We construe these exceptions strictly against the custodians of records and resolve any doubts in favor of disclosure. *Id.* at 107, 624 A.2d at 861 (citing *Caledonian-Record Publ'g Co. v. Walton*, 154 Vt. 15, 20, 573 A.2d 296, 299 (1990)). The burden of showing that a record falls within an exception is on the agency seeking to avoid disclosure. *Finberg v. Murnane*, 159 Vt. 431, 434, 623 A.2d 979, 981 (1992).

¶ 11. Unless a specific § 317(c) exemption applies, appellants are entitled to access the documents they seek — documents relating to the state's investigations of any of appellants' facilities, as well as investigations and penalties assessed against any other, nonparty companies. See 1 V.S.A. §§ 315, 317(b). To avoid disclosure of the

---

[1] The superior court never addressed appellees' claims regarding whether the documents sought were exempt from disclosure because they were privileged or work-product. Because we affirm on other grounds, we decline to evaluate these claims here.

documents sought, the AGO and ANR relied on § 317(c)(14), which exempts from public inspection and copying:

> records which are relevant to litigation to which the public agency is a party of record, provided all such matters shall be available to the public after ruled discoverable by the court before which the litigation is pending, but in any event upon final termination of the litigation.

1 V.S.A. § 317(c)(14).

¶ 12. In its ruling, the superior court focused on the statute's plain language, especially the distinction between the terms "relevant" and "discoverable." Noting that a disputed item may be relevant but not discoverable for many reasons, the court concluded that the term "relevant" must be considered a broader category than "discoverable." The court determined that the purpose of § 317(c)(14) was to have the court presiding over the pending litigation make discovery decisions regarding the production of documents relevant to the case rather than another court that is less informed about the subtleties of the original litigation when confronted with a related public records request. On that basis, the court ruled that, because appellants requested the same documents in their public records requests that they sought in discovery, the documents were "relevant to litigation" and thus exempt from disclosure.

¶ 13. On appeal, appellants insist that the documents cannot be relevant to litigation under the statute because: (1) the AGO and ANR successfully argued in the district court that the documents were irrelevant; and (2) the documents cannot be relevant simply because a party requested them in discovery when the identity and motive of the requester cannot be considered when determining the application of an exemption.[2] We disagree.

¶ 14. To resolve this appeal, we construe the statutory language of § 317(c)(14). Our primary objective in construing a statute is to effectuate the Legislature's intent. *Okemo Mountain, Inc. v. Town of Ludlow*, 171 Vt. 201, 210, 762 A.2d 1219, 1227 (2000). In order to

---

[2] Appellants also argue on appeal that ANR cannot refuse to disclose documents under § 317(c)(14) as relevant to litigation to which they are not a named party. Appellants failed to present this argument before the superior court in the first instance, so it has not been properly preserved for appeal. *Pion v. Bean*, 2003 VT 79, ¶ 45, 176 Vt. 1, 833 A.2d 1248 ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.") (internal citation and quotations omitted).

determine the Legislature's intent — the first step in our analysis — we initially look to the statute's language. *Town of Hinesburg v. Dunkling*, 167 Vt. 514, 525, 711 A.2d 1163, 1169 (1998). The Legislature is presumed to have intended the plain, ordinary meaning of the adopted statutory language. *Id.* If the statute is unambiguous and its words have plain meaning, we accept the statute's plain meaning as the intent of the Legislature and our inquiry proceeds no further. *Town of Killington v. State*, 172 Vt. 182, 188, 776 A.2d 395, 400 (2001). Finally, we "favor interpretations of statutes that further fair, rational consequences," and we presume "'that the Legislature does not intend an interpretation that would lead to absurd or irrational consequences.'" *MacDonough-Webster Lodge No. 26, Free & Accepted Masons v. Wells*, 2003 VT 70, ¶ 6, 175 Vt. 382, 834 A.2d 25 (quoting *Braun v. Bd. of Dental Exam'rs*, 167 Vt. 110, 117, 702 A.2d 124, 128 (1997)).

¶ 15. As evidenced by the plain language of § 317(c)(14), the Legislature's goal in passing it was to place a temporary restriction on the release of otherwise publicly accessible documents during the pendency of litigation in which the requested documents have relevance. To that end, the statute starts by exempting the broadest category of documents from disclosure — "records which are relevant to litigation." 1 V.S.A. § 317(c)(14). The statute then carves out a subcategory of documents — those "ruled discoverable by the court before which the litigation is pending," *id.* — which are not exempt from disclosure, even though they may be "relevant to litigation." Moreover, even documents not ruled discoverable are only exempt from disclosure as long as they remain "relevant to" a pending litigation, and must be released "upon final termination of the litigation." *Id.*

¶ 16. As the superior court pointed out, we must assume that the Legislature chose the terms "relevant" and "discoverable" advisedly. See *State v. Carroll*, 2003 VT 57, ¶ 7, 175 Vt. 571, 830 A.2d 89 (mem.) ("[W]e presume statutory language is inserted advisedly and not intended to create surplusage."). The plain, ordinary meaning of "relevant" is "[r]elated to the matter at hand; pertinent." American Heritage Dictionary 1044 (2d ed. 1982). To read "relevant to" litigation as meaning something more narrow than "related to" or "pertinent to" litigation would thwart the purpose of § 317(c)(14) by enabling a litigant to use the Public Records Act to attempt an end run around the Vermont Rules of Civil Procedure. Such an interpretation would also eviscerate the inherent power of courts to control discovery in

litigation pending before them. Additionally, relevance for purposes of the Public Records Act cannot be equated to evidentiary relevance, see V.R.E. 401 (defining relevance for evidentiary purposes), because that construction would require agencies responding to Public Records Act requests to determine whether the material in question was "relevant" within the meaning of V.R.E. 401, determinations typically, and best, made by trial judges with extensive familiarity with the issues in the litigation. We presume that the Legislature did not intend to require agencies responding to public record requests to familiarize themselves with pending litigation and to make evidentiary rulings that fall within the province of the trial courts. Therefore, we apply the plain, ordinary meaning of "relevant" in construing § 317(c)(14).

¶ 17. Because the Legislature wanted to protect public records that are relevant to a pending lawsuit, we read § 317(c)(14) as exempting from disclosure through a public records request documents that are relevant — related or pertinent — to, and not merely discoverable in, pending or ongoing litigation. Thus, having reviewed the statute's plain language in context, we agree with the superior court that the documents appellants requested remain relevant to the litigation pending in district and environmental courts.

¶ 18. This result also follows because discovery rulings do not present controlling questions of law appealable to this Court until the conclusion of the litigation, absent exceptional circumstances. *Ley v. Dall*, 150 Vt. 383, 384-85, 553 A.2d 562, 563 (1988). Indeed, discovery rulings are inherently fluid because they fall within the trial court's discretion to revisit and alter as the litigation unfolds. See *Schmitt v. Lalancette*, 2003 VT 24, ¶ 9, 175 Vt. 284, 830 A.2d 16 (observing that discovery rulings are within the sound discretion of the trial court). Thus, not only do the district and environmental courts have the power to reconsider their discovery rulings at any time before final judgment, those rulings could still be appealed at the termination of the litigation. As a result, the potential disclosure of the documents appellants requested through discovery is still a very live dispute before the district and environmental courts and will remain so for purposes of 1 V.S.A. § 317(c)(14) at least until, as the statute states, the documents are "ruled discoverable," if not until "the final termination of the litigation."

¶ 19. Appellants argue that the documents cannot be relevant to litigation because the district court ruled them irrelevant. The appellants misapprehend the district court's ruling. The court denied the motion to compel because it found that appellants had not made a prima facie case of selective enforcement sufficient to permit discovery

of these documents. Further, as the court noted, appellants requested documents pertaining only to their facilities, making it difficult to understand how the evidence could support their theory.[3] In other words, the district court did not find that the documents were irrelevant.

¶ 20. Appellants also disagree with the superior court's finding that the requested documents are relevant simply because a party requested them in the underlying litigation. Citing *Finberg v. Murnane*, they argue that this is impermissible because the identity and the motive of the party making a Public Records Act request cannot be taken into account when evaluating the right to access. See 159 Vt. at 437, 623 A.2d at 983 (holding that requested documents must be disclosed to lawyer even if he filed public records request for list of municipal taxpayers' names and addresses in order to file suit challenging the validity of the tax, because the identity and motive of the requestor was irrelevant to the right of access). The superior court's determination that the documents requested were relevant to litigation under § 317(c)(14) was not based on who requested the documents or their motives, but rather on the fact that the documents appellants sought in their public records request were still at issue in and still had relevance to the district and environmental court litigation.

¶ 21. Our interpretation and application of § 317(c)(14) also furthers the many policy objectives the Legislature had to consider when deciding to exempt disclosure of public documents relevant to pending litigation. Exempting disclosure of documents relevant to ongoing litigation outside the discovery process prevents the issuance of conflicting and inconsistent judgments in competing courts. Discovery decisions should be reserved for the trial court before which the litigation is pending, rather than getting a second opinion by shifting them to the superior court in the form of a Public Records Act request. If appellants' approach was permitted, the superior court would be placed in a position to undermine rulings of the court presiding over the pending action or issue conflicting decisions on the same or related requests for production.

¶ 22. Second, the public records request process should not be used to enlarge the scope of discovery or permit parties litigating with the

---

[3] The court later reviewed additional documents withheld from disclosure in camera and ruled that they were properly exempt from disclosure as work-product.

government to do an end run around discovery rules. A state statutory scheme like Vermont's Access to Public Records Act is "not intended as a device to delay ongoing litigation or to enlarge the scope of discovery beyond that already provided under the court rules." *Central Mich. Univ. Supervisory-Technical Ass'n v. Bd. of Trustees of Cent. Mich. Univ.*, 567 N.W.2d 696, 697-98 (Mich. Ct. App. 1997) (Holbrook, J., concurring) (discussing Michigan's Freedom of Information Act). By prohibiting parties from using a Public Records Act request to gain access to documents to which they are not entitled under the discovery rules, § 317(c)(14) prevents parties from abusing the process and gaining any unfair advantage in litigation with the government. See *Killington, Ltd. v. Lash*, 153 Vt. 628, 646, 572 A.2d 1368, 1379 (1990) (holding that permitting disclosure of government work-product documents "would create an unwarranted advantage for parties in litigation with the government, since whatever lay outside the scope of discovery under Rule 26 would be accessible through the Access to Public Records statute").

¶ 23. Finally, this application of the § 317(c)(14) exemption does not cause any undue hardship. Section 317(c)(14) provides only a temporary exemption, and access to these documents is simply delayed until the termination of litigation. Given the temporal nature of the prohibition, denying appellants access to the documents they requested just until the litigation pending in the district and environmental courts terminates completely does not cause them undue hardship. Nor does it conflict with the strong public interest in open access to government documents, because the public is merely denied access to these records temporarily.

¶ 24. "We have noted on more than one occasion the essential public interest in broad access to governmental records and proceedings. We have also recognized the important privacy interests that underlie the enumerated statutory exceptions to the rule of access." *Caledonian-Record Publ'g Co. v. Vt. State College*, 2003 VT 78, ¶ 13, 175 Vt. 438, 833 A.2d 1273 (citations omitted). The delicate balance inherent in these competing interests is, and remains, a legislative prerogative. We believe that finding the documents appellants sought in their public records requests relevant to the litigation pending in the district and environmental courts and thus exempt from disclosure under § 317(c)(14) strikes the proper balance between these interests and best effectuates the Legislature's intent.

*Affirmed.*