*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-112

JULY TERM, 2011

| | |
|---|---|
| In re Bowen Conditional Use Application After Remand | } APPEALED FROM:<br>}<br>}<br>} Superior Court,<br>} Environmental Division<br>}<br>} DOCKET NO. 93-6-10 Vtec<br><br>Trial Judge: Merideth Wright |

In the above-entitled cause, the Clerk will enter:

Applicant appeals from an order of the environmental division of the superior court denying her application for a conditional use permit to operate a business on her residential property in the Town of Richford. She contends the court erred in concluding that the proposal was not an "outdoor recreation" consistent with the purpose of the zoning ordinance. We affirm.

Applicant applied for a permit to operate a business on her residential property in the Town's Conservation 1 zoning district. Applicant described the proposed home-based business as one involving "sifting mine dirt to find gems and specimens." She explained that she planned to import mined dirt containing various minerals from a gem mine in Maine, sell buckets of dirt to customers, and supply various tools for them to extract the minerals from the dirt including a water recycling sluice. The proposal included a canopy, parking area, and port-a-potty.

Applicant sought approval for the project as an "outdoor recreation," one of several conditional uses permitted in the Conservation 1 zoning district. The zoning bylaw defines "Recreation-Outdoor" as follows: "Includes golf courses, golf driving ranges, trap, skeet and archery ranges, swimming pools, skating rinks, tennis courts, riding stables, recreation stadiums, skiing, campgrounds, boys and girls camps and similar places of outdoor recreation." Town of Richford Zoning Bylaw § 7, at 55 (2005) The Zoning Board of Adjustment denied the application, and applicant appealed to the Environmental Court. The parties filed cross-motions for summary judgment, and the court issued a written decision in November 2010 in favor of the Town. The court denied a subsequent motion to alter or amend in February 2011. This appeal followed.

It is axiomatic that our goal in construing a statute or ordinance is to discern and give effect to the legislative intent, and to this end we frequently resort to settled rules of construction. State v. Ben-Mont Corp., 163 Vt. 53, 57 (1994). "[W]hen construing an enactment with a series of defining terms, we will apply the rule of ejusdem generis" pursuant to which general terms that follow specific terms "will be construed to include only those things similar in character to those specifically defined." Vt. Baptist Convention v. Burlington Zoning Bd., 159 Vt. 28, 30 (1992) (quotation omitted).

Although the structure of the ordinance in question—listing specific outdoor recreational facilities followed by the general provision "and similar places of outdoor recreation"—plainly lends itself to application of the rule, applicant maintains that "[t]he listed activities compose such a diverse range of activities that no commonality can be found that would distinguish them from the proposed mine dirt sifting operation." The trial court disagreed, as do we. As the Town observes, all of the bylaw's enumerated venues for "outdoor recreation" facilitate the pursuit or observation of outdoor sports and exercise, from tennis courts, to campgrounds, to skating rinks and recreational stadiums. The gem-sifting proposal may be "recreational" in the broad dictionary sense of recreation: "an amusing or stimulating activity," Webster's II New Riverside University Dictionary 984 (1984), but the general definition is narrowed by the specific examples that follow, and the proposed home-business plainly falls outside the common theme that informs them.[*] Accordingly, we find no grounds to disturb the judgment.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

---

[*] Although the trial court here found a slightly different common element, involving what it described as use of the natural "topography" or "natural resource values" of the landscape, **PC 26** it is settled that we may affirm a judgment on different grounds than those on which trial court relied. See Caledonian-Record Pub. Co. v. Vt. State Colleges, 2003 VT 78, ¶ 7, 175 Vt. 438 (affirming judgment where "[w]e reach the same result as the trial court but based on different reasoning").

2