*Whitaker v. Vt. Info. Tech. Leaders, Inc.*, No. 781-12-15 Wncv (Teachout, J., Jun. 28, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 781-12-15 Wncv** |

**STEVEN WHITAKER**
    **Plaintiff**

    **v.**

**VERMONT INFORMATION TECHNOLOGY LEADERS, INC.**
    **Defendant**

### DECISION FOLLOWING PRODUCTION

In an October 27, 2016 decision, the court determined that Defendant Vermont Information Technology Leaders, Inc. (VITL) is the functional equivalent of a public agency subject to Vermont's Access to Public Records Act, 1 V.S.A. §§ 315–320, and Plaintiff Steven Whitaker's public records request. Following that decision, VITL produced the responsive records with two exceptions. It produced a document with the salaries of its employees but redacted their identities. It produced its contract with Medicity but redacted several provisions as exempt "trade secrets." 1 V.S.A. § 317(c)(9). Mr. Whitaker objects to the redactions and argues that he should be entitled to the documents in their unredacted form.

*Salaries of employees*

VITL produced the salaries of its employees but redacted their identities so one viewing the record would not be able to determine which salary corresponds to which employee. VITL claims some interest in privacy associated with these redactions. However, there is no lawful basis for them. The court has determined that VITL is subject to the Act. The Act provides that "[i]ndividual salaries and benefits of and salary schedules relating to elected or appointed officials and employees of public agencies *shall not be exempt* from public inspection and copying." 1 V.S.A. § 317(b) (emphasis added). Accordingly, VITL shall produce the unredacted salary document forthwith.

*Trade secrets*

VITL also made numerous redactions to the produced Medicity contract claiming that they are exempt trade secrets: "confidential business records or information . . . which a commercial concern makes efforts that are reasonable under the circumstances to keep secret, and which gives its user or owner an opportunity to obtain business advantage over competitors who do not know it or use it." 1 V.S.A. § 317(c)(9). This exception "reflects a legislative desire to protect from public access some nontechnical, competitively useful business information" and is not limited to "intellectual property." *Springfield Terminal Ry. Co. v. Agency of Transp.*, 174 Vt. 341, 347 (2002). While the Court ruled in that case that the exemption applied, the information that qualified for the exemption was internal information about an entity that bid for

a state contract. It was not terms of a contract with the State, as is involved in this case.

VITL provided an unredacted copy of the contract to the court under seal and an index describing the redactions. Some redactions relate to pricing, fees, and other financial aspects of the agreement. Other redactions relate to particular services, such as "incident escalation processes," "incident and data recovery processes," and "business processes and services for data retention." For each redaction, VITL asserts that the information redacted gives Medicity "an opportunity to obtain a business advantage over competitors who do not know it and cannot use it when competing with Medicity."

The court cannot simply look at the redacted material and *ipso facto* conclude that its continued confidentiality gives Medicity (or VITL and Medicity) any real "business advantage over competitors." Whether specific terms of a contract with VITL constitute "competitively useful business information" is not self-evident as it was in the *Springfield* case. VITL has asserted the exemption, but it has not made any specific factual showing, with affidavits or argument, that the exemption properly applies to the redacted information. Rather, the redaction log simply asserts the conclusion that it does. "The burden of showing that a record falls within an exception is on the agency seeking to avoid disclosure." *Wesco, Inc. v. Sorrell*, 2004 VT 102, ¶ 10, 177 Vt. 287. Because VITL has not met that burden, Mr. Whitaker is entitled to an unredacted copy of the Medicity contract.

The court recognizes, however, that VITL's opposition to complete production may be motivated in part by its interest in complying with the Confidentiality of Agreement provision of the Medicity contract, ¶ 6.2, and the party with the more direct interest in the redacted information, Medicity, is not a party to this case. Accordingly, the court will stay the order to produce the unredacted copy of the contract for 30 days during which Medicity may seek to intervene and oppose complete production, if it chooses to do so. The court requests that VITL provide Medicity a copy of this order forthwith and so certify to the court.

## ORDER

For the foregoing reasons:

1. VITL shall promptly produce an unredacted copy of the record showing the schedule of salaries; and
2. VITL shall produce an unredacted copy of the complete Medicity contract.
3. The order to produce the Medicity contract is stayed for 30 days.

Dated at Montpelier, Vermont this __ day of June 2017.

_____
Mary Miles Teachout
Superior Judge

2