NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 2

No. 24-AP-054

| | |
|---|---|
| Curtis Hier | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, |
| | Civil Division |
| | |
| Slate Valley Unified School District | October Term, 2024 |

Mary Miles Teachout, J. (Ret.)

William H. Meub and Andrew J. Snow of Meub Associates, PLC, Rutland, for Plaintiff-
 Appellee/Cross-Appellant.

Sean M. Toohey of Lynn, Lynn, Blackman & Toohey, P.C., Burlington, for Defendant-
 Appellant/Cross-Appellee.

Charity R. Clark, Attorney General, and Jonathan T. Rose, Solicitor General, Montpelier, for
 Amicus Curiae State of Vermont.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **CARROLL, J.** Defendant Slate Valley Unified School District appeals the trial court's order granting summary judgment in favor of plaintiff Curtis Hier and directing defendant to disclose redacted records relating to the use of restraint and seclusion on students pursuant to plaintiff's request for disclosure under the Public Records Act. Defendant argues the records requested are categorically exempt from disclosure pursuant to the student records exception. Plaintiff cross-appeals, arguing certain information on the forms need not be redacted. We agree

with defendant that the records requested are categorically exempt from disclosure as student records, and thus reverse the trial court's decision.

¶ 2. Pursuant to its statutory authority, the Vermont Department of Education promulgated rules to "[e]nsure that students are not subjected to inappropriate use of restraint or seclusion" in schools. Use of Restraint and Seclusion in Schools § 4500.1, Code of Vt. Rules, 22 000 036 [hereinafter Rule 4500], http://www.lexisnexis.com/hottopics/codeofvtrules; see 16 V.S.A. § 164 (providing the Department rulemaking authority). The rules establish permissible and prohibited uses of restraint and seclusion. Rule 4500 §§ 4501, 4502. Pursuant to these rules, schools are required to "maintain written records of each use of restraint and seclusion." Id. § 4504. These records, which both parties refer to as Rule 4500 forms, must contain the following information:

> (a) The name, age, gender and grade of the student; (b) The date, time and duration of the restraint of seclusion; (c) Any injuries, death, or hospitalization to student or staff resulting from the use of restraint or seclusion; (d) The location where the restraint or seclusion occurred; (e) The precipitating event(s) leading up to the restraint or seclusion; (f) A list of school personnel who participated in the application, monitoring and supervision of the student while restrained or secluded; (g) The type of restraint or seclusion used; (h) The reason for the restraint or seclusion; (i) A description of all the interventions used prior to the application of the restraint or seclusion; (j) Whether the student has a behavioral intervention plan and/or individualized education plan, Section 504 plan or educational support plan; and (k) The date notification was provided to the student's parents.

Id. The rules further require "[a]ny person who imposes a restraint or seclusion [to] report its use to the school administrator," and the school must also notify the parents of the student involved. Id. § 4503. Under certain circumstances, the school administrator must notify the superintendent and the superintendent must notify the Department. Id. The rules also require the school administrator "to implement follow-up procedures" including with the student, any staff member involved, and the student's parents. Id. § 4505. The rules also establish a complaint and

investigation process, and the Commissioner of Education is charged with reviewing reports and identifying "schools in need of additional training" or directing schools to "develop a corrective action plan" if "reports reflect an over-use of" restraint and seclusion interventions. Id. §§ 4507, 4508.

¶ 3. The following facts are undisputed for purposes of summary judgment and drawn from the trial court's findings and the parties' statements of undisputed facts. In August 2023, plaintiff made several requests to defendant for disclosure of records related to incidents in which students at the Fair Haven Grade School had been subject to restraint or seclusion. Specifically, plaintiff sought redacted copies of "Rule 4500 forms" submitted to the school district between January and April 2021. Plaintiff also requested all documents relating to the use of the "blue room," "calm down space," or "other such rooms" between 2015 and 2022, and "any redacted restraint and seclusion documents concerning [the assistant principal]" at the Fair Haven Grade School.[1] Defendant denied plaintiff's requests, claiming the Rule 4500 forms were student records and thus exempt from the Public Records Act.[2] Plaintiff appealed each of defendant's denials to the district's superintendent, who denied each appeal. See 1 V.S.A. § 318(c)(1) ("Any denial of access by the custodian of a public record may be appealed to the head of the agency.").

¶ 4. After the superintendent denied plaintiff's appeal, plaintiff filed a complaint with the civil division seeking access to the Rule 4500 forms. See id. § 319(a). Defendant filed a

---

[1] In a letter to plaintiff denying his request, defendant noted that "[w]ith regard to the 'blue room' request, the District does not have any records other than the previously requested Rule 4500 forms concerning the restraint and seclusion of students."

While the rules do not contemplate a specific "form," both parties and amicus refer to the documents at issue as "Rule 4500 forms." For this reason, we refer to the records requested by plaintiff collectively as Rule 4500 forms.

[2] Plaintiff also requested emails from multiple parties which defendant provided with student identifying information redacted. We do not address the relevance of this request as it is not at issue on appeal.

motion for summary judgment, maintaining that the Rule 4500 forms, including redacted copies, are categorically exempt from disclosure as student records. Plaintiff opposed the motion, arguing the Rule 4500 forms are not student records because they are designed to provide information about the frequency and use of restraint and seclusion practices within the school, and the names of students can be redacted to protect their privacy.

¶ 5. The trial court denied defendant's motion for summary judgment and granted summary judgment to plaintiff. In reaching its decision, the trial court primarily focused on the purpose of the Rule 4500 forms, which it found was "effective monitoring to implement the State's restraint/seclusion policy" as opposed to maintaining "a record of individual student experience or performance." The court reasoned that "[t]he content sought focuses on the event and how it was handled rather than on the individual student." The court balanced "the public interest in disclosure against the privacy interests of" students and concluded that defendant was required to release the Rule 4500 forms because "materials of public interest concerning the functioning of government" are not categorically exempt from disclosure. It required defendant to produce the Rule 4500 forms, as requested by plaintiff, with the following information redacted: the name, age, gender, and grade of the student; whether the student has a behavioral intervention, individualized education, Section 504, or educational support plan; the names of any student anywhere on any form; and any other information on the form that could be used to identify a particular student, including the names of any parent or guardian of a student. The court stayed the judgment pending any appeal to this Court.

¶ 6. Plaintiff moved to amend the judgment pursuant to Vermont Rule of Civil Procedure 59(e), requesting the court remove the requirement to redact whether any student had a behavioral intervention, individualized education, Section 504, or educational support plan. In the alternative, plaintiff asked the court to require defendant to provide plaintiff with a summary of

4

this information. The court denied plaintiff's motion to amend, concluding that the sought-after information could lead to identification of individual students.

¶ 7. Defendant appealed the court's final judgment to this Court, maintaining that the Rule 4500 forms are exempt from disclosure because the Public Records Act categorically exempts "student records." Defendant argues student records may only be requested pursuant to the federal Family Educational Rights and Privacy Act (FERPA) and the trial court erred in concluding that they were accessible under the Public Records Act. The State of Vermont filed an amicus brief in support of defendant. Plaintiff cross-appealed, arguing it was error for the court to deny his request for a summary of whether any student mentioned in the forms was on a specialized education plan because this information could not reasonably lead to the identification of a student.

¶ 8. "We review a grant of summary judgment de novo, using the same standard as the trial court." Rutland Herald v. Vt. State Police, 2012 VT 24, ¶ 7, 191 Vt. 357, 49 A.3d 91. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). We conduct a plenary review of questions of law presented by a motion for summary judgment. Lively v. Northfield Sav. Bank, 2007 VT 110, ¶ 5, 182 Vt. 428, 940 A.2d 700.

¶ 9. The Public Records Act "represents 'a strong policy favoring access to public documents and records.' " Rutland Herald, 2012 VT 24, ¶ 8 (quoting Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 10, 177 Vt. 287, 865 A.2d 350). The Act's statement of policy recognizes the competing interests in protecting an individual's privacy and "the public interest to enable any person to review and criticize" the decisions of officers of the government. 1 V.S.A. § 315(a) (directing provisions "be liberally construed"). The Legislature has further declared that "[p]ublic records document the legal responsibilities of government, help protect the rights of citizens, and provide citizens a means of monitoring government programs and measuring the performance of public officials." Id. § 315(b). In light of this policy, we construe exceptions in the Act "strictly against

5

the custodians of records and resolve any doubts in favor of disclosure." Rutland Herald, 2012 VT 24, ¶ 9 (quotation omitted).

¶ 10. The Act requires "certain public records . . . be made available to any person." 1 V.S.A. § 315(a); see id. § 317(b) (defining "public record" as "any written or recorded information, regardless of physical form or characteristics, which is produced or acquired in the course of public agency business"). However, the Act exempts certain records from public inspection and copying. Id. § 317(c). Among other exceptions, the Act exempts "[s]tudent records, including records of a home study student; provided, however, that such records shall be made available upon request under the provisions of [FERPA], 20 U.S.C. § 1232g, as may be amended." Id. § 317(c)(11).

¶ 11. We previously addressed the scope of the student records exception in Caledonian-Record Publishing Co. v. Vermont State Colleges, 2003 VT 78, ¶ 9, 175 Vt. 438, 833 A.2d 1273. In Caledonian-Record, the plaintiff sought access to student disciplinary records and hearing records regarding allegations of student misconduct from two state colleges. The defendants denied access, claiming the records were exempt, among other reasons, under the student records exception to the Public Records Act and FERPA. The trial court denied the plaintiff's request for student disciplinary records, concluding they were "education records" under FERPA and thus fell within the scope of the student records exception. Id. ¶ 5. This Court affirmed on a different ground. Id. ¶ 7. We concluded that it was unnecessary to resolve the issue under FERPA, because "the express Public Records Act exception for student records is directly on point and plainly exempts the student disciplinary records from disclosure." Id. ¶ 9 (quotation omitted). We reasoned that while the term "student records" was not defined in the Public Records Act, the language of the exception was "broad and unqualified." Id. We explained "nothing in the Act or other evidence . . . suggest[ed] any content-based restrictions limiting the exception, for example, to student academic performance, financial aid, or other strictly scholastic subjects, or excluding

6

records relating to violations of the student ethics code or the criminal law." Id. Thus, we held the student disciplinary records maintained by the defendants were plainly exempt from disclosure. Id.

¶ 12. Like student disciplinary records, the Rule 4500 forms "fall squarely within the express statutory exception" and are thus categorically exempt. Id. ¶ 13. The Rule 4500 forms contain information related to a specific student and the details of an incident involving the use of restraint and seclusion on that individual student, akin to student disciplinary records. In Caledonian-Record, we noted the tension between public interest in access to governmental records and individual privacy interests and observed that "the delicate balance inherent in these competing interests is, and remains, a legislative prerogative to alter or amend." Id. The plain language of the blanket exception for student records demonstrates the Legislature has contemplated the privacy interests at stake with respect to students. See Rueger v. Nat. Res. Bd., 2012 VT 33, ¶ 18, 191 Vt. 429, 49 A.3d 112 ("It is evident from the statute's plain language that, in enacting § 317(c)(24), the Legislature evaluated the competing interests and concluded that a blanket exemption on quasi-judicial deliberation was appropriate."). Since Caledonian-Record, the Legislature has not amended the statute to exclude student disciplinary records from the exception and given the "broad and unqualified" language we see no reason to carve-out an exclusion for the records at issue here.

¶ 13. The trial court noted our decision in Caledonian-Record but concluded that its reasoning did not apply to the Rule 4500 forms. Instead, the trial court focused primarily on the purpose of the forms and engaged in a balancing of private and governmental interests similar to our analysis in Trombley v. Bellows Falls Union High School District No. 27, 160 Vt. 101, 624 A.2d 857 (1993). In Trombley, teachers sought documents relating to a grievance they had filed from the local school district, which denied their request on the ground that the records were categorically exempt from disclosure under the "personal documents" exception in the Act. See 1

7

V.S.A. § 317(c)(7) (exempting from disclosure, in relevant part, "personal documents relating to an individual, including information in any files maintained to hire, evaluate, promote or discipline any employee of a public agency"). The trial court dismissed the teachers' complaint, concluding the documents were exempt from disclosure as "personal documents" if they related to individual grievants or other employees or if they were in any employee personnel files. Trombley, 160 Vt. at 108, 624 A.2d at 862. We reversed, concluding the trial court's interpretation was overbroad and inconsistent with the purpose of the Act. Id. We explained the term "personal documents" was "vague," and could mean "any document about specific people, including most opinions of this Court." Id. at 109, 624 A.2d at 863. Interpreting the term this broadly "would consume the disclosure rule." Id. To implement the intent of the Legislature that courts balance individual privacy against the public's need for information to review governmental action, we "construe[d] the term 'personal documents' in a limited sense to apply only when the privacy of the individual is involved." Id. at 110, 624 A.2d at 863. We remanded the matter to the trial court for it to review whether the documents fit within the exception as so construed. Id.

¶ 14.    Contrary to the trial court's belief, this balancing approach is not applicable to every public-records exception. In Rutland Herald v. Vermont State Police, the plaintiff sought documents related to a criminal investigation involving members of the Criminal Justice Training Council at the Vermont Police Academy. 2012 VT 24, ¶ 1. The State Police and the Vermont Attorney General denied the plaintiff's request, stating the documents were exempt from disclosure under the exception for "records dealing with the detection and investigation of a crime," 1 V.S.A. § 317(c)(5), and the trial court upheld the denial. Rutland Herald, 2012 VT 24, ¶¶ 4-5. On appeal, we rejected the plaintiff's request to use the balancing test from Trombley to construe the investigatory-records exception because unlike the "personal documents" exception, the language used in the investigatory-records exception was not "vague and potentially limitless." Id.¶ 24.    Instead, the exception reflected the Legislature's intent to "permanently and

8

categorically" shield criminal investigative records. Id. ¶ 12. We explained that the language of this exception "is broadly worded and it provides a categorical exemption for such records irrespective of their specific content." Id. ¶ 24 (analogizing to our holding in Caledonian-Record, 2003 VT 78, ¶ 9). We therefore declined to read a balancing test into the statute. Id. We further concluded that because the investigatory-records exception "provides a records-based, rather than a content-based limitation . . . [r]edaction does not apply."[3] Id. ¶¶ 25, 26.

¶ 15. Rutland Herald v. Vermont State Police stands for the proposition that when an exception in the Act is records-based, as opposed to information- or content-based, redaction is inappropriate because "[t]here is no balancing process involved in the implementation of [the exception] and no statutory standards the court could use to determine what information to disclose and what to redact." Id. ¶ 26. Similarly, the exception for "student records" is records-based and not "vague and potentially limitless." See id. ¶ 24. The plain language of the exception indicates the Legislature's intent to categorically exempt student records from disclosure. See Trombley, 160 Vt. at 110, 624 A.2d at 863 ("[O]ur primary goal in interpreting a statue is to implement the intent of the Legislature."); Booker v. Thomas, 2024 VT 9, ¶ 8, __ Vt. __, 312 A.3d 1035 ("We apply a statute based on its purpose, instead of its plain text, only when necessary to avoid results that are irrational." (quotation omitted)). Thus, it was inappropriate for the court to engage in any balancing of interests, and ordering redaction of potentially identifying information was not warranted.

¶ 16. In ordering the disclosure of redacted Rule 4500 forms in this case the trial court relied on Rutland Herald v. City of Rutland, where this Court recognized, in again confronting the scope of the investigatory-records exception, that "redaction could be appropriate" for certain

---

[3] After our decision in Rutland Herald v. Vermont State Police, the Legislature amended § 317(c)(5) to narrow the exception. See 2013, No. 70, § 1. Rutland Herald v. Vermont State Police remains good law, however, and the revisions do not impact our analysis here.

"management records" involving "specific instances of misconduct" of police officers. 2012 VT 26, ¶¶ 34, 37, 191 Vt. 387, 48 A.3d 568. However, the language of the investigatory-records exception contains an explicit carve-out for management records. See 1 V.S.A. § 317(c)(5)(B) ("[R]ecords relating to management and direction of a law enforcement agency . . . shall be public.").[4] The language in the student records exception contains no such provision making restraint and seclusion records public and we will not "read into [a statute] language that is not there." State v. Kerr, 143 Vt. 597, 605, 470 A.2d 670, 674 (1983) (noting statute must "be enforced as the legislature enacted it, according to its terms"); see also State v. Tierney, 138 Vt. 163, 165, 412 A.2d 298, 299 (1980) (recognizing Court considers statute "as a whole, and, if possible, gives effect to every word, clause and sentence").

¶ 17. Accordingly, defendant is entitled to summary judgment. Because we hold the Rule 4500 forms, in their entirety, are exempt from disclosure as student records, we do not address plaintiff's arguments concerning redaction.

Reversed.

FOR THE COURT:

_____

Associate Justice

---

[4] We quote the current version of the statute here. As recognized in note 3, supra, the Legislature amended § 317(c)(5) in 2013, subsequent to Rutland Herald v. City of Rutland, 2012 VT 26. The version prior to the amendment also contained a "management proviso" and thus the revisions do not affect our analysis here. See 2013, No. 70, § 1.