STATE OF VERMONT

SUPERIOR COURT                                ENVIRONMENTAL DIVISION
                                              Docket No. 252-10-08 Vtec

                                        }
In re Sheffield Wind Project            }
   Amended Individual Stormwater Permit  }        Docket No. 252-10-08 Vtec
      (No. 5535-INDC.A)                  }
      (Appeal of Brouha et al.)          }
                                        }

Decision and Order on Motion for Stay

The Court issued a decision on August 26, 2010, approving an amended individual construction stormwater discharge permit; this permit is applicable only to the period during construction of the Sheffield Wind Project (the Project) in Sheffield, Vermont.[1]  Appellants moved for reconsideration of that decision.  While that motion was pending, Vermont Wind proceeded with the logging work that the Court had ruled was not governed by the individual construction stormwater permit, and began construction of the project.  Appellants have now moved to stay construction of the project pending the Court's ruling on the motion for reconsideration and pending Appellants' filing of an appeal to the Supreme Court.  If the motion for stay is denied, Appellants request the Court to "at least require more frequent and unannounced inspections by ANR" and to "order First Wind and ANR to continue to disclose to Appellants all documentation of activities at the site, including changes to the EPSC Plan."

Appellants are represented by Stephanie J. Kaplan, Esq., and Jared M. Margolis

_____

[1] The permitting status quo of this project is that it holds other permits and approvals from the Public Service Board and the Vermont Agency of Natural Resources (ANR) that were not appealed, including the ANR's approval of the project's operational stormwater discharge management system.

1

Esq.; Appellee-Applicants Signal Wind Energy, LLC and Vermont Wind, LLC (referred to in the singular as "Vermont Wind" or "First Wind") are represented by Ronald A. Shems, Esq., Andrew N. Raubvogel, Esq., Geoffrey H. Hand, Esq., and Elizabeth H. Catlin, Esq. The Vermont Agency of Natural Resources (ANR) is represented by Judith L. Dillon, Esq.

Vermont Wind, LLC proposes to construct and operate a wind electrical generating facility (the Project) on property on Granby Mountain and Libby Hill in Sheffield, Vermont, near the headwaters of small unnamed tributaries of Calendar Brook, Nation Brook, Annis Brook, Willoughby Brook, and Clark Brook.

The Project consists of an array of sixteen wind turbines, each located on a concrete pad, along a 16-foot-wide access roadway. The project also includes a permanent meteorological tower, which appears on the project plans and narrative but was not specifically at issue during trial. During construction, the access roadways will be constructed to the 25-foot width necessary for crane access for the equipment used to erect the wind turbine structures; at the conclusion of the need for crane access, the Project's permanent roadways will be reduced to the 16-foot width by seeding and mulching the areas outside that width.

An electrical substation and a small operations and maintenance building are also proposed as part of the Project. They are located on the lower portion of the property, on either side of the project access road, near the public roadway. Electricity will be conducted by underground and above-ground transmission lines from the turbines down to the electrical substation. The Project is located adjacent to and will tie into an existing VELCO electrical transmission line. The overall property on which the Project is located consists of approximately three thousand acres leased from Meadowsend Timberlands, some of which has been logged in the past. The Project is proposed to follow the path of existing logging roads and to use already-cleared areas

2

to the greatest extent possible.

The permanent operational stormwater system for the project was approved in a separate permit and was not appealed. This consists of a system of berms, channels, check dams, detention ponds, and other stormwater control features designed to direct and slow the flow of stormwater from the site, to prevent sediment and contaminants from reaching streams.

As described more fully in the August 26, 2010 Decision and Order, in the present application for approval of an erosion prevention and sediment control plan to control discharges due to stormwater during the construction of the project, Applicant proposed to construct and install the permanent stormwater control features approved for the project's operation in advance of construction of each segment of the project that would drain into those features. In addition to these permanent engineering features, Applicant proposed temporary features, such as silt fencing, and proposed a series of methodologies to minimize the risk of erosion and sediment transport during construction, including limitations on the construction area open at any time, limitations on the length of time an area may remain open, and monitoring techniques that require additional measures to be taken, including stopping construction, if sediment in stormwater runoff is not successfully controlled using the required engineering features and other techniques.

Standards for Issuing a Stay

Under V.R.E.C.P. § 5(e), when a stay is not automatically issued under 10 V.S.A. § 8504(f)(1), the Court, on its own motion or the motion of a party, may issue a stay to preserve the rights of the parties "upon such terms and conditions as are just." The

3

present case is not automatically stayed under the provisions of 10 V.S.A. § 8504(f)(1)[2], nor is it an appeal of a municipal land use or zoning permit subject to an automatic stay under 24 V.S.A. § 4449. Appellants also did not request a stay of the ANR-issued permit during the twenty-two months that the ANR-issued permit was in effect and the litigation was pending before this Court.

Appellants' current motion for an emergency stay now seeks to stay the permit as issued by the Court, first, during the pendency of Appellants' motion to alter under V.R.C.P. § 59(e) and, if that motion is denied, pending the outcome of their appeal to the Supreme Court.

To prevail on a motion for a stay, the movant must demonstrate: (1) a strong likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) that the stay will not substantially harm other parties; and (4) that the stay will serve the best interests of the public. Gilbert v. Gilbert, 163 Vt. 549, 560 (1995). Appellants must demonstrate all four of these elements for the stay to be granted. See In re: Champlain College, Inc., Docket No. 145-7-05 Vtec, slip op. at 2 (Vt. Envtl. Ct. Apr 17, 2007) (Wright, J.); In re: Route 103 Quarry, Docket No. 205-10-05 Vtec, slip op. at 3 (Vt. Envtl. Ct. Sept. 14, 2007) (Durkin, J.) aff'd In re: Route 103 Quarry, 2008 VT 88, 184 Vt. 283 (citing Gilbert v. Gilbert, 163 Vt. 549, 560 (1995)). Under V.R.A.P. § 8(b), the granting of a stay pending the outcome of an appeal to the Supreme Court may be conditioned upon the filing of a bond with the trial court. Similarly, under V.R.E.C.P. § 5(e), the Court may require Appellants to post a bond, under its authority to "make such other orders as are necessary to preserve the rights of the parties." Vermont Wind has requested that the Court require such a bond in the event that the requested stay is

---

[2] With regard to appeals from decisions of the ANR, 10 V.S.A. § 8504(f)(1) provides for an automatic stay only in appeals of stream alteration permits and shoreline encroachment permits. Section 8504(f)(1) also provides for automatic stays in appeals of the denial of interested person status by a municipal panel. Otherwise, permits that have been appealed are in effect unless the Court grants a stay under § 8504(f)(2).

granted.

Appellants have not demonstrated a strong likelihood of success on the merits. or irreparable injury if the stay is not granted. The Court's August 26, 2010 Decision carefully analyzed all of the issues remaining in this appeal after trial, and concluded that the issuance of the construction stormwater permit, substantially as it had been issued by the ANR, was warranted. Although the Court's ruling on the pending motion for reconsideration may result in clarification or further analysis of certain issues, it is not likely to result in a different outcome on the merits of the construction stormwater permit.

Appellants have not demonstrated irreparable injury if the stay is not granted. Given that the permanent unappealed stormwater features are incorporated into the construction stormwater permit, the question is whether irreparable injury will result during construction due to the temporary stormwater features and iterative monitoring and adjustment process that appear in the permit on appeal. Based on the extensive evidence as to how these features are designed to work during construction, and the iterative process in which adjustments are made in the field if problems arise, irreparable injury such as a catastrophic failure of the stormwater features is not likely to occur.

Unlike a project that has been denied a permit and in which an applicant has appealed, or even a project that has been granted permits but for which all the required permits are within the scope of the appeal, in the present case the project holds all of its required permits, and only its individual construction stormwater permit is the subject of this appeal. That is, the "status quo" against which the Court must assess the motion for stay is that the project holds unappealed permits allowing the project, including the operational stormwater permit containing the stormwater detention ponds and other features to manage stormwater after the project is built. Applicant has shown that a stay of construction at this time would substantially harm it financially. Such harm

would not, of course, be irreparable, but could warrant a bond under V.R.A.P. 8 if a stay were to be granted.

Finally, Appellants have not shown that the best interests of the public warrant a stay. The project holds its required permits so that its existence is not at issue in this appeal. The permit at issue in this litigation only governs the protection of the public interest in the surrounding streams during construction. Based on the evidence presented at trial, the Court is convinced that the best interests of the public require strict adherence to the terms of the permit during construction, but do not warrant the imposition of a stay.

Accordingly, based on the foregoing, Appellants' motion to stay construction is DENIED. Due to this decision, it is not necessary to address Vermont Wind's request for the posting of a bond. The Court will address the pending motion for reconsideration as soon as possible.


Appellants' request for continuing disclosure of documentation

As explained by the Vermont Supreme Court, during the pendency of litigation the Legislature exempted disclosure of public documents relevant to the ongoing litigation, reserving decisions regarding such disclosure to the trial judge in the pending litigation to avoid giving litigants "an unwarranted advantage . . . in litigation with the government." Wesco, Inc. v. Sorrell, 2004 VT 102, ¶¶ 17–22, 177 Vt. 287 (quoting Killington, Ltd. v. Lash, 153 Vt. 628, 646 (1990)). However, no further evidentiary hearing will occur in the present litigation; it will be out of the purview of the trial court as soon as the motion for reconsideration is addressed. As in this Court's decision in Agency of Natural Resources v. Mountain Valley Marketing, Inc., et al. , Docket Nos. Docket Nos. 41-2-02, 278-12-02, 176-8-02, 175-8-02, Decision and Order on Motion to Compel, slip op. at 3 (Vt. Envtl. Ct. July 7, 2003) (Wright, J.), to facilitate Appellants' rights to monitor the implementation of permits in which they have a legitimate

6

interest, they are entitled to any information that would have been available to them under Vermont's Access to Public Records law had this litigation not been pending. In particular, Appellants should be given (or be given access to) documentation of any changes to the EPSC Plan made in the field during the construction process; such field changes are specifically provided for in the permit. The parties shall comply with V.R.C.P. 26(h) before bringing any further problems with such disclosure or access to the attention of the Court.

Done at Berlin, Vermont, this 17th day of November, 2010.

_____

Merideth Wright
Environmental Judge