# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 179-12-13 Vtec |

---

### Jolley Associates Car Wash - Middlebury

---

## ENTRY REGARDING MOTION

Title:         Motion for Party Status (Motion 1)
Filer:         MDY Taxes, Inc. and Village Car Wash, Inc.
Attorney:   Karl C. Anderson
Filed Date:  January 13, 2014

Response filed on 01/23/2014 by Attorney R. Jeffrey Behm for Appellee Jolley Associates, LLC
Response filed on 01/27/2014 by Attorney Benjamin W. Putnam for Interested Person Town of Middlebury

**The motion is DENIED.**

Title:         Motion to Dismiss (Motion 2)
Filer:         Jolley Associates, LLC
Attorney:   R. Jeffrey Behm
Filed Date:  January 23, 2014

Response filed on 01/27/2014 by Attorney Benjamin W. Putnam for Interested Person Town of Middlebury

**The motion is GRANTED.**

MDY Taxes, Inc. (MDY) and Village Car Wash, Inc. (Village Car Wash) (together, Appellants) appeal the Town of Middlebury Development Review Board (the DRB) decision allowing Jolley Associates, LLC (Jolley) to construct a car wash at their property at 220 Court Street in the Town of Middlebury, Vermont (the project).  MDY operates a tax franchise at its rental space in the shopping plaza adjacent to Jolley's property.  MDY alleges that it will lose parking spaces for its business and that the safety of its customers and employees may be compromised as a result of an "interconnect" between Jolley's property and the shopping plaza.  Village Car Wash operates a car wash approximately one-quarter of a mile away from Jolley's property.  Village Car Wash alleges that the project will have a negative impact on its business and the value of its property.

Appellants did not attend the October 14, 2013 public hearing on Jolley's application.  The DRB voted unanimously at that hearing to approve Jolley's application, and it issued a written

notice of its decision on November 25, 2013 (the decision).  Appellants now seek party status pursuant to Vermont Rule For Environmental Court Proceedings 5(d)(2) despite their lack of participation, and Jolley seeks to dismiss Appellants for lack of standing.  Interested Person Town of Middlebury (the Town) joins Jolley's Motion to Dismiss.

## Motion for Party Status

The standing requirements for an appeal of a municipal panel decision are established by statute.  We must therefore ensure that each requirement is satisfied so as not to "judicially expand the class of persons entitled to such [appeal]."  In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (quoting Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984)).  To have standing to appeal a DRB decision, a party must be an interested person who participated in the municipal regulatory proceeding.  Id. at ¶ 9; 10 V.S.A. § 8504(b)(1); 24 V.S.A. § 4471(a).  Participation consists of "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding."  Id.

Section 8504(b)(2) of Title 10 provides three exceptions to the participation requirement:

(A) there was a procedural defect which prevented the person from obtaining interested person status or participating in the proceeding; (B) the decision being appealed is the grant or denial of interested person status; or (C) some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed.

Appellants argue that both subsections (A) and (C) should relieve them from the participation requirement.

In support of their first argument, Appellants state that MDY "did not receive individual notice of the application or the hearing" and that the principal of Village Car Wash "was not provided with notice of the application or the hearing."  (Appellants' Motion for Party Status at 1–2, filed Jan. 13, 2014.)  Appellants further argue that regardless of actual notice, Jolley's application "failed to provide any notice to appellants or any other prospective parties that Jolley would be able to avoid the prohibition against car washes in this zoning district by characterizing the project as a 'planned unit development.'"  Id. at 3.  Appellants further contend that had they known about the application, "they would have been well within their rights to believe that an application for a non-permitted use, without more, would be futile and that no appearance by them would be necessary to defeat an application which was void *ab initio*."  Id.  Finally, Appellants argue that the plans failed to provide notice of the decision's condition 2, encouraging construction of an "interconnect" between the Jolley property and the adjacent shopping plaza where MDY is located.  Id.

Assuming Appellants are both interested parties[1], we disagree that any procedural defect prevented them from participating in the October 14 hearing or that some other condition exists that would result in a manifest injustice if we decline to grant party status.  First, we find that the notice requirements of 24 V.S.A. § 4464(a)(1) and the Middlebury Zoning and Subdivision

---

[1] Although Jolley disputes that Appellants are interested persons as defined by 24 V.S.A. § 4465, because we find that Appellants' lack of participation is not excusable, we need not address this issue.

Regulations were met with respect to Jolley's application.  On or before September 29, 2013, the Town Zoning Administrator: (1) arranged the publishing of notice in the September 26, 2013 issue of the Addison Independent; (2) posted a notice on a stake at 220 Court Street, within view of Court Street; (3) mailed written notifications of the hearing to Jolley and all adjoining property owners; and (4) posted notice at the Town Offices and on the Town website.  (Dunakin Aff. at ¶ 3, filed Jan. 23, 2014.)  Thus, the Town noticed the October 14 hearing on Jolley's zoning permit application in compliance with Middlebury Zoning and Subdivision Regulations § 1090 ("Public Notice") and with the most stringent notice requirements provided by statute for "conditional use review, variances, administrative officer appeals, and final plat review for subdivisions."[2]  24 V.S.A. § 4464(a)(1).

The notices for the October 14 hearing on Jolley's zoning permit application included the date, place, and purpose of the hearing on Jolley's application to "construct a car wash at 220 Court Street."  (Jolley's Motion to Dismiss Exhibits 1A, 1B, 1C, filed Jan. 23, 2014); 24 V.S.A. § 4464(a)(1)(A)–(B) (stating content requirements for notice by publication and public posting).  These notices also stated that application information was available at the Zoning Office and that participation was a prerequisite to the right to take any appeal.  (Jolley's Motion to Dismiss Exhibits 1A, 1B, 1C, filed Jan. 23, 2014).  Thus, the notice complied with the most stringent content requirements provided by statute.  24 V.S.A. § 4464(a)(1)(C).  Appellants and other members of the public therefore had statutory notice and an obligation to participate in order to take any appeal, regardless of what they considered to be the potential merit of Jolley's application.  10 V.S.A. § 8504(b)(1); 24 V.S.A. § 4471(a).

The fact that the DRB chose to proceed in a certain way during its hearing or in its decision making process did not prevent Appellants from submitting oral or written testimony at the proceeding.  Had Appellants participated, they would have standing to challenge such issues.  Because they received statutory notice yet failed to participate, we conclude that they do not have standing to appeal the DRB decision.  To hold otherwise would result in the waiving of the participation requirement for those who choose not to participate but later disagree with the DRB's hearing process, findings, or conclusions.  Such a waiver is beyond the plain meaning of the statute and leads to an absurd result the Legislature likely did not intend.  See Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 14, 177 Vt. 287 ("[W]e favor interpretations of statutes that further fair, rational consequences, and we presume that the Legislature does not intend an interpretation that would lead to absurd or irrational consequences.") (internal quotation omitted); In re Appeal of Carroll, 2007 VT 19, ¶ 9, 181 Vt. 383 (noting that in construing a statute we must give effect to the Legislature's intent found in the plain meaning of the statutory language and, as necessary, "gathered from a consideration of the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law.") (internal quotation omitted).  Thus, we find no procedural defect which prevented Appellants from participating.

---

[2] Village Car Wash's property is located approximately one-quarter of a mile away from Jolley's property.  Village Car Wash is therefore not entitled to "written notification" as an owner of adjoining property.  24 V.S.A. § 4464(a)(1)(C). Although MDY rents space on an adjoining property, they are not an adjoining property owner entitled to written notification under 24 V.S.A. § 4464(a)(1)(C).  As described above, the owner of this adjoining property received written notification.

3

Appellants make similar arguments regarding the applicability of the manifest injustice exception, 10 V.S.A. § 8504(b)(2)(C), and the requirements of due process and fundamental administrative fairness. For similar reasons, we conclude that declining to hear Appellants' concerns about the DRB's decision and decision making process will not result in manifest injustice or a denial of due process or administrative fairness. Rather, the statute clearly requires that in order to challenge the DRB proceeding or decision, an interested person must participate. Appellants have not shown that they did not have the required statutory notice of the October 14 hearing; the public notice included the date, place, and purpose of the hearing on Jolley's application. 24 V.S.A. §§ 4464(a)(1)(A), (a)(1)(B); see also In re Cummings Subdivision, No. 156-9-10 Vtec, slip op. at 22 (Vt. Super. Ct. Envtl. Div. July 13, 2011) (Wright, J.) (holding that "10 V.S.A. § 8504(b)(2)(C), and principles of due process or fundamental administrative fairness[,] require that an appellant must have had actual notice or the required statutory notice of a proceeding to be held to the finality requirement" preventing untimely appeals). The notice further stated that participation in the proceeding was a prerequisite to take an appeal. Appellants had statutory notice of Jolley's application to construct a car wash at the project site. Appellant's argument that the DRB's approval of that application was improper relates to the merits of that application. Pursuant to the statute, Appellants had to participate before the DRB in order to have standing to challenge the DRB decision. They have failed to show that it would be manifestly unjust to prevent them from doing so.

For these reasons, Appellants' Motion for Party Status is **DENIED.**

## Motion to Dismiss

Whether a party has standing affects this Court's subject matter jurisdiction. Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. As such, we review Jolley's motion to dismiss under the standard of review afforded by Rule 12(b)(1) of the Vermont Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction. In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.). Therefore, we accept as true all uncontroverted factual allegations and construe them in the light most favorable to the nonmoving party (here, Appellants). Id.; Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

As described in our discussion of party status above, we find that Appellants did not participate in the DRB proceeding and have failed to demonstrate that their failure to participate should be excused under any exception in 10 V.S.A. § 8504(b)(2). Because we deny their motion for party status, Appellants do not have standing to maintain their appeal. Absent an appellant with standing, we are without jurisdiction to hear an appeal of the decision below. Jolley's motion to dismiss is therefore **GRANTED.**

This completes the current proceedings before this Court.

Done at Burlington this 19th day of March, 2014.

_____
Thomas G. Walsh, Environmental Judge

4

Notifications:

Karl C. Anderson (ERN 2251), Attorney for Appellants MDY Taxes, Inc. and Village Car Wash, Inc.

R. Jeffrey Behm (ERN 2868), Attorney for Appellee Jolley Associates, LLC

Diane M. McCarthy (ERN 1465), Co-counsel for Appellee Jolley Associates, LLC

Benjamin W. Putnam (ERN 1198), Attorney for Interested Person Town of Middlebury