*Energy & Environmental Legal Institute v. Attorney General of Vermont*, 558-9-16 Wncv (Teachout, J., July 27, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                      **CIVIL DIVISION**
**Washington Unit**                                 **Docket No. 558-9-16 Wncv**

**Energy & Environment Legal Institute,**
    **Plaintiff,**

    **v.**

**The Attorney General of Vermont,**
    **Defendant.**

## DECISION
### The State's Motion for Summary Judgment

Plaintiff Energy & Environment Legal Institute (EELI) sought certain documents under the Public Records Act, 1 V.S.A. §§ 315–320, from the Office of the Attorney General. All of the documents relate to the Attorney General's participation in a Common Interest Agreement with the attorneys general of several other states on the subject of climate change.

The Attorney General denied the request initially and upon administrative review. The request was denied in total in reliance on two statutory exemptions from access: 1 V.S.A. § 317(c)(3) (production would cause custodian to violate professional ethics standards) and § 317(c)(4) (production would cause custodian to violate statutory or common law privilege). EELI then filed this case. The Attorney General has filed a motion for summary judgment asserting that subsections 317(c)(3) and (4) bar all access to the requested documents.

The request is as follows:

We hereby request copies of all e-mail or text correspondence, attachments, and any other document *recording, reflecting, discussing or mentioning*:
(a) any request by any Party to the Agreement *seeking consent to share records* pursuant to this Agreement;
(b) any Party to the Agreement consenting to share records pursuant to this Agreement; and,
(c) any record, as described above, reflecting any Party to the Agreement *objecting to sharing records* pursuant to this Agreement.
*Records responsive to this request will be dated April 28, 2016 through the date you process this request, inclusive.*
We request entire e-mail/text threads.

EELI's e-mailed records request 2 (emphasis in original; footnote omitted).

At oral argument on the Attorney General's motion, EELI clarified that its request is limited to documents reflecting Party requests to share records and Party responses to those requests. It is not seeking substantive content that might have been communicated. This also is clarified in its opposition to summary judgment. Plaintiff's Opposition to Summary Judgment 10 (filed Jan. 5, 2017) ("The plaintiff requested only documents that would reflect Vermont's compliance or lack of compliance with Section 6 of the [Agreement]. Specifically, plaintiff sought requests by any party to the Agreement to share documents, any consent to such sharing, and any objection to such sharing. The plaintiff did not seek documents relating to Vermont's alleged potential litigation.").

The Agreement is a "Climate Change Coalition Common Interest Agreement" with the attorneys general of several other states. It provides for the party attorneys generals' offices to share information relating to their common legal interests on the subject of climate change while preserving any available claims of privilege or confidentiality. It provides for sharing with "other persons as provided in paragraph 6." Agreement ¶ 5(vi).

Paragraph 6 is as follows:

> Notice of Potential Disclosure. The Parties agree and acknowledge that each Party is subject to applicable freedom of information or public records laws, and nothing in this Agreement is intended to alter or limit the disclosure requirements of such laws. If any Shared Information is demanded under a freedom of information or public records law or is subject to any form of compulsory process in any proceeding ("Request"), the Party receiving the Request shall: (i) immediately notify all other Parties (or their designees) in writing; (ii) cooperate with any Party in the course of responding to the Request; and (iii) refuse to disclose any Shared Information unless required by law.

Agreement ¶ 6.

The Attorney General's position is *categorical*: all documents sought under the request are *necessarily* exempt under § 317(c)(3) (confidential) and under § 317(c)(4) (privileged).

The Attorney General relies primarily on section 317(c)(3), which exempts from access "[r]ecords which, if made public pursuant to this subchapter, would cause the custodian to violate duly adopted standards of ethics or conduct for any profession regulated by the State." Lawyers are professionals regulated by the State according to standards set forth in the Rules of Professional Conduct. The Attorney General relies on the general proscription in Rule 1.6(a): "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent [or] the disclosure is impliedly authorized in order to carry out the representation." As the Comment explains, this rule helps to establish trust in the lawyer-client relationship. "The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter."

The Attorney General argues that it is no ordinary law firm because its client is the State itself, and hence the public interest. As the Scope provision of the Rules of Professional Conduct

2

demonstrate, the Rules take into account that the role of government lawyers differs from lawyers for private clients: "the responsibilities of government lawyers may include authority concerning legal matters that ordinarily reposes in the client in private client-lawyer relationships. . . . Such authority in various respects is generally vested in the Attorney General." The Rules are not intended to "abrogate any such authority." The Attorney General references 3 V.S.A. § 159 as to the broad responsibility of the Attorney General, and argues that since the State as a whole and the public interest is its client, all of its work, including all of its records, qualifies for the professional ethics confidentiality exemption.

However, the Attorney General's office is not wholly exempt from the Public Records Act. See 1 V.S.A. § 317(a)(2) (defining public agency for purposes of the Act and not exempting the Attorney General's office). The preamble to the Public Records Act makes clear that transparency of government is the intent of the Act in furtherance of the same policy in the Vermont Constitution:

> It is the policy of this subchapter to provide for free and open examination of records consistent with Chapter I, Article 6 of the Vermont Constitution. Officers of government are trustees and servants of the people and it is in the public interest to enable any person to review and criticize their decisions even though such examination may cause inconvenience or embarrassment.

1 V.S.A. § 315 (a). The Act's disclosure requirements are limited by its exemptions. 1 V.S.A. § 317(c). "We construe these exceptions strictly against the custodians of records and resolve any doubts in favor of disclosure." *Wesco, Inc. v. Sorrell*, 2004 VT 102, ¶ 10, 177 Vt. 287 (2004). While many records in the Attorney General's office no doubt qualify for specific exemptions due to nature of the legal work, the public has a legitimate interest in transparency as to some of its undertakings, particularly those of an administrative or operational nature. Thus, while many documents possessed by the Attorney General will be confidential or privileged, § 317(c)(3) cannot be read to reflect legislative intent that all records in the Attorney General's office would be completely exempt.

The Attorney General also relies on 1 V.S.A. § 317(c)(4) (production would cause custodian to violate statutory or common law privilege), and claims privilege on the grounds that the documents are part of attorney work product and that the court should recognize a privilege based on a "common interest doctrine." Such a doctrine has not been recognized as a privilege under Vermont law nor adopted in any reported decision. The Attorney General relies in part on Restatement (Third) of the Law Governing Lawyers, § 76 (1): "If two or more clients with a common interest in a litigated or nonlitigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged [under sections pertaining to attorney-client privilege] that relates to the matter is privileged as against third persons."

However, even if the court were to recognize such a doctrine, the Restatement is clear that it applies to a communication that "otherwise qualifies as privileged" under recognized applications of the attorney client privilege. *Id.* The doctrine does not create a separate freestanding privilege but is based on applications of the recognized attorney client privilege.

EELI is not seeking content related to litigation and thus not seeking attorney work product or communications that qualify for the attorney client privilege. Rather, it is seeking documents related to administrative implementation of the Common Interest Agreement, which is itself a public document. EELI seeks records showing that requests were made by a party to the Agreement to share records, and records showing consent was given or objection made to such requests. This has to do with frequency and timing of the use of the Agreement and not with content. It is not necessary for the court to consider the request to adopt a broad privilege based on the common interest doctrine, as the claim of privilege based on either the work product or the attorney client privilege is inapplicable to the request made in this case.

Because the categorical claims of both confidentiality and privilege are too broad, the Attorney General's motion for summary judgment is denied. While it may be that some of the records sought contain confidential or privileged material that needs to be redacted and specific exemptions may reasonably apply to redacted material, the applicability of exemptions depends on the specific documents and their content.

## ORDER

The Attorney General's motion for summary judgment is denied.

Within 30 days, the Attorney General shall deliver to EELI any responsive documents not subject to any claim of confidentiality or privilege as interpreted above, redacted documents if portions are subject to valid claims of confidentiality or privilege, and a log of withheld and/or redacted documents with identification of the redaction or document and the specific basis for any claimed exemption as to each item.

Dated at Montpelier, Vermont this ____ day of July 2017.

_____
Mary Miles Teachout
Superior Judge