**John SENAT, Plaintiff,**

v.

**CITY OF NEW YORK, et al., Defendants.**

No. CV–08–2732 (RJD)(VVP).

United States District Court, E.D. New York.

Feb. 2, 2009.

Richard J. Cardinale, Cardinale & Marinelli, Brooklyn, NY, for Plaintiff.

Karl J. Ashanti, The City of New York Law Department, New York, NY, for Defendants.

## ORDER

VIKTOR V. POHORELSKY, United States Magistrate Judge.

 The plaintiff has moved to compel the defendants to provide responses to his interrogatories and document requests, and to preclude the defendants from raising objections to those discovery requests in view of the defendants' tardiness in responding. There is no dispute that the plaintiff served his requests on October 24, 2008, and that the defendants' responses therefore were due 30 days thereafter. There is also no dispute that the plaintiff provided the defendants with at least one extension of time to serve responses, which has now expired, and that the defendants have yet to serve responses. The defendants are therefore entitled to an order directing service of responses by a date certain.

As to whether the court should preclude objections, there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections. *See* Fed.R.Civ.P. 33(b)(4); *Russo–Lubrano v. Brooklyn Federal Sav. Bank,* No. CV–06–672, 2007 WL 2126086, at \*2 (E.D.N.Y. July 23, 2007); *Carr v. Queens–Long Island Medical Group, P.C.,* Nos. 99 Civ. 3706, 02 Civ. 1676, 2003 WL 169793, at \*5 (S.D.N.Y. Jan. 24, 2003); *Berube v. Great Atlantic & Pacific Tea Co.,* No. 3:06 cv 197, 2006 WL 3826702, at \*5 (D.Conn. Nov. 30, 2006); *Techsearch Services, Inc. v. Gorman,* No. 97 Civ. 7641, 1999 WL 33024, at \*1–2 (S.D.N.Y. Jan. 21, 1999). The waiver may extend to objections based on privilege, although courts are not unanimous on that point. *Compare, e.g., Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.,* 238 F.R.D. 536, 538 (D.Conn.2006) (privilege objections waived) *with, e.g., Hakizimana v. Rym Stations–Bedford, Inc.,* No. 08–CV–0251, 2008 WL 4642335, at \*1 (E.D.N.Y. Oct. 16, 2008) (privilege objections not waived).

 The defendants argue, however, that preclusion of objections should not be ordered here because the plaintiff's counsel failed to confer with the defendants' counsel before making the instant motion, as required by Local Civil Rule 37.3(a). That is not entirely correct. The defendants ac-

knowledge that the plaintiff's counsel conferred with the defendants' counsel at least once concerning the tardiness of responses and agreed to afford the defendants additional time to respond.[1] Once the matter had been addressed with the defendants, and the extension of time had not yielded responses, the plaintiff was under no further obligation to confer before addressing the matter to the court. If anything, it would be the defendants who had the obligation to reach out to the plaintiff to confer about their continuing failure to provide overdue discovery. The court thus concludes that the plaintiff is also entitled to an order that anticipates any objections the defendants may wish to assert.

Accordingly, for the foregoing reasons, the defendants shall respond in writing to the plaintiff's interrogatories and document requests on or before February 11, 2009, and shall produce all documents responsive to the plaintiff's requests for inspection and copying on or before February 18, 2009. Although the defendants may assert objections solely for the record, no information or documents may be withheld from disclosure on the basis of any objection, all objections having been waived by the failure to respond timely to the above discovery requests. Information and documents may be withheld on the basis of privilege, but the assertion of privilege must be accompanied by a log setting forth the information required by Local Civil Rule 26.2.

---

1. The plaintiff's letter asserts that several extensions of time to respond were given, while the defendants insist that there was only one extension.