Steven DeNICOLA, et al., Plaintiff(s),

v.

**FRONTLINE ASSET STRATEGIES,**
Defendant(s).

No. CV 11–2584 (ADS)(WDW).

United States District Court,
E.D. New York.

Feb. 17, 2012.

Joseph Mauro, The Law Office of Joseph Mauro, LLC, West Islip, NY, for Plaintiff(s).

Donald J. Cayea, Litchfield Cavo LLP, New York, NY, for Defendant(s).

## ORDER

WALL, United States Magistrate Judge:

Before the court is motion to compel by the plaintiffs. DE[16 & 18]. It is opposed by the defendant. DE[17]. The motion is GRANTED on the terms set forth *infra*.

The plaintiffs report that, on November 14, 2011, they served the defendants by mail and fax with their Requests for Documents, Interrogatories and Requests for Admission, and that no responses had been received as of the date of the motion—February 8, 2012—despite a telephone call to defense counsel on January 23, 2012. The plaintiff asks that the defendant be compelled to respond, that the court deem all objections waived, and that the court recognize the Requests to Admit as admitted pursuant to Rule 36.

The defendant argues that the motion should be denied based on my order of November 8, 2011. That order granted the defendant's motion for a protective order regarding Requests to Admit that had been served by the plaintiffs prior to a Rule 26(f) conference. I found that the Requests were premature, noted that Requests to Admit as a discovery tool "are best used later in the discovery process," and directed that the parties should "begin discovery anew" pursuant to Rule 26(f) and the scheduling order that I entered on the date of the motion order—November 8, 2011. *See* DE[15]. The defendant reports that counsel had a discovery conference on November 14, 2011, followed by a letter requesting that the plaintiff be deposed in December and that the plaintiffs serve their initial disclosures. The plaintiffs, the defendant notes, did not respond to the discovery request and did not serve initial disclosures. The defendant also states that the plaintiffs did not serve new discovery demands, as required by my 11/8 order.

The plaintiffs, however, have submitted a certificate of service by mail and fax on November 14, six days after the 11/8 order, and a fax transmittal sheet showing that the documents were received by defense counsel's office. Although the defendant states that the plaintiffs did not serve new discovery demands, it has not addressed the plaintiffs' proof of service, and the court must assume that the November 14 documents were indeed received by defense counsel.

The defendant is correct that it was not obligated to respond to the discovery demands served prior to the November 8 order. It was, however, required to respond to demands served after entry of the Scheduling

Order and the November 14 meeting, and it has not done so. Thus, the motion is granted—the defendant must serve its responses to the document demands and interrogatories no later than **March 2, 2012.** Further, by its failure to timely respond, the defendant has waived all objections as to the interrogatories (*see* Fed.R.Civ.P. 33(b)(4)) and all objections to the document demands except those based on privilege. *See Senat v. City of New York,* 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (noting "consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections" with a split of opinion as to privilege objections) (citations omitted).

Finally, the court need not deem the requests to admit admitted. Pursuant to Rule 36(a)(3), that is the automatic result of a failure to timely respond. Although my earlier order noted that Requests to Admit as a discovery tool "are best used later in the discovery process," that observation cannot be construed as an order that the plaintiffs could not serve Requests to Admit if they chose to do so. If the defendant thought that the second set of Requests to Admit was premature, it could have renewed its motion for a protective order. Instead, it simply failed to respond, triggering Rule 36(a)(3).

**SO ORDERED:**