*Johnson v. Smith*, No. 573-7-16 Cncv (Mello, J., Oct. 6, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| DENNIS and CHARLENE JOHNSON,<br>  Plaintiffs<br><br>  v.<br><br>GAYLE SMITH, TERRY SMITH, and<br>AURELIA SMITH,<br>  Defendants | Docket No. 573-7-16 Cncv |

## RULING ON PLAINTIFFS' SECOND MOTION TO COMPEL

This action arises from defendants' alleged breach of a contract to purchase real estate owned by plaintiffs and located in Williston. Now before the court is a discovery dispute. Plaintiffs move to compel responses or supplemental responses to interrogatories and requests to produce, and seek attorney's fees incurred in bringing this motion. Craig Weatherly, Esq. represents plaintiffs. Thomas Higgins, Esq. represents defendants.

Plaintiffs' motion faults (1) defendants' objections to plaintiffs' first set of interrogatories and second set of requests to produce, and (2) the failure to respond to plaintiffs' second set of interrogatories and third set of requests to produce (served on January 18, 2017) and plaintiffs' first set of requests to produce (served on August 12, 2016). With respect to plaintiffs' first set of interrogatories (served on November 16, 2016 and responded to on January 6, 2017), plaintiffs contend that defendants' response to interrogatories 3, 4, 5, 7, 9, 11, and 13 are improper because they invoke privilege objections without providing the information required by V.R.C.P. 26(b)(5)(A) (now renumbered as Rule 26(b)(6)(A)). The court agrees. The rule provides:

> *Information Withheld.* When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

V.R.C.P. 26(b)(5)(A). Defendants' responses are insufficient under this rule. Defendants' response to Interrogatory 3, for example, begins: "Objection. Interrogatory # 3 calls for the disclosure of attorney product privileged information . . . ." But it does not "describe the nature of the documents, communications, or things not produced or disclosed" or otherwise provide any information that "will enable other parties to assess the applicability of the privilege or protection." V.R.C.P. 26(b)(5)(A). The other cited responses similarly invoke the privilege objection, but do not provide the information required by the rule.

However, it appears that defendants have since satisfied Rule 26(b)(5)(A) through their late responses to additional discovery requests. Interrogatory # 5 of plaintiffs' second set of interrogatories states: "Identify with sufficient particularity for the discharge [o]f Your obligations under V.R.C.P. 26(b)(5)(A) all Documents You have withheld from production, under a claim of privilege or otherwise, in responding to Plaintiffs' . . . First Set of Interrogatories . . . and specify the basis for withholding each Document." In response, defendants submitted two privilege logs which contain a list of documents, all of them emails, including the date, time, sender, and recipient of each. The logs assert that these are privileged because they are attorney-client communications. This April 4, 2017 response, while substantially late, satisfies V.R.C.P. 26(b)(5)(A).

Plaintiffs next complain that defendants did not respond to their second set of interrogatories and third set of requests to produce, served on January 18, 2017. Plaintiffs have since responded on April 4, 2017, albeit late. *See* V.R.C.P. 33(a), 34(b) (30 days to respond to

interrogatories and requests to produce). On that same day, defendants also responded to plaintiffs' first set of requests to produce (served on August 12, 2016), generally citing to their previously supplied discovery responses.

In addition to the timeliness argument, plaintiffs further assert that the response itself to the second set of interrogatories is deficient. Plaintiffs assert that, at oral argument, defendants' counsel admitted that there is a "whole category of documents" not produced and not indicated on the privilege log cited in the responses to those interrogatories. The court presumes that this is a reference to defendants' counsel's mention at oral argument of "hundreds of emails" regarding defendants' subsequent purchase of real estate, which have apparently been withheld on relevance grounds. Defendants' counsel represented that he had provided the first few weeks of those emails to plaintiffs, to demonstrate that there was no overlap between the failed transaction at issue here and defendants' subsequent purchase of different property. The court concludes that the withheld emails are beyond the scope of matters relevant to this case, and that their production would be a waste of time.

Plaintiffs also argue that defendants have waived the right to assert objections because of their late responses. As the authorities cited by plaintiffs observe, this appears to be the general rule. *See* Senat v. City of New York, 255 F.R.D. 338, 339 (E.D.N.Y. 2009); Berube v. Great Atl. & Pac. Tea Co., No. CIV 306CV197 PCD, 2006 WL 3826702, at *5 (D. Conn. Nov. 30, 2006), adhered to on reconsideration, No. CIV. 3:06CV197(PCD), 2007 WL 30863 (D. Conn. Jan. 4, 2007) ("The majority of courts follow the general rule that objections are waived if they are not made within thirty days of service, unless the answering party has sought leave of court to make an untimely objection, or unless 'good cause' is shown."); Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2173 (3d ed.) ("In the absence of an extension of time, failure to object within the time fixed

by the rule is a waiver of objections . . . .”). Courts have treated the privilege objection differently, however. *See* <u>Senat</u>, 255 F.R.D. at 339–40 (“The waiver may extend to objections based on privilege, although courts are not unanimous on that point. . . . Information and documents may be withheld on the basis of privilege, but the assertion of privilege must be accompanied by a log setting forth the information required by [the local rule].”); <u>Hakizimana v. Rym Stations-Bedford, Inc.</u>, No. 08-CV-0251(RRM)(RER), 2008 WL 4642335, at *1 (E.D.N.Y. Oct. 16, 2008) (“When a party fails to object to an interrogatory in a timely manner, it waives any objections thereto, other than those based on a recognizable privilege.”).

All of defendants’ discovery responses were late, with no reasonable explanation. Accordingly, defendants have waived their objections, and shall fully respond to any discovery requests to which they objected within 30 days. However, defendants may continue to withhold documents or other responsive material for which they have asserted a privilege objection.[1] As most of defendants’ objections were based on privilege, the court anticipates this will require limited supplementation. To the extent defendants are not actually withholding any additional documents or material on the basis of a particular non-privilege based objection (i.e., if they have already provided everything they have), they shall clearly so indicate in their supplemental response.

Finally, defendants’ explanations and excuses for their discovery violations are not persuasive. Essentially, defendants contend that they could not be bothered to respond to plaintiffs’ counsel’s communications regarding late or insufficient discovery because they were too busy collecting information responsive to the discovery requests. This is no excuse for the complete failure to respond to plaintiffs’ counsel’s inquiries regarding overdue discovery requests, or for the

---

[1] Additionally, defendants may continue to withhold the emails related to their subsequent real estate purchase discussed earlier in this decision.

gross untimeliness of all of defendants' responses. Nor do they offer any rational explanation for why their discovery responses were weeks or months late. If they needed more time, all they had to do was confer with plaintiffs or ask the court. Communication is key.

Defendants contend that plaintiffs failed to comply with the meet-and-confer requirement of Rule 26(h). While this court has consistently enforced Rule 26(h) in considering motions to compel and for sanctions, defendants' complete failure to respond to plaintiffs' counsel's inquiries is inexcusable. Plaintiffs were forced to litigate to obtain responses to their discovery requests. Those responses were significantly late, and at least one was deficient until an even later response was submitted. The court concludes that a $1,000 sanction is appropriate under these circumstances. *See* Med. Ctr. Hosp. of Vermont, Inc. v. City of Burlington, 152 Vt. 611, 627 (1989) ("discovery rulings are within the court's sound discretion"); Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 16, 177 Vt. 287 (recognizing "inherent power of courts to control discovery in litigation pending before them").

Order

Plaintiffs' second motion to compel is granted, to the extent it is not moot, as discussed above.

The court awards plaintiffs $1,000 in attorney's fees as a discovery sanction.

SO ORDERED this 6th day of October, 2017.

_____
Robert A. Mello
Superior Court Judge

5