Filed 09/12/25

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03829

| Danielle Jones v. Ken Domina |
|---|

## ENTRY REGARDING MOTIONS

Plaintiff Danielle Jones filed this pro se complaint in February 2024, alleging that defendant Ken Domina built a shed on his property that trespassed on her property and that he refused Danielle's requests to remove the shed. After being served by tack order, Ken answered the complaint, also pro se, claiming that he had acquired title to the land on which the shed sits through adverse possession. Both parties have subsequently retained counsel, although plaintiff's counsel did not enter his appearance until after the pending motions were filed.

There are currently six motions pending before the court: plaintiff's motion for judicial notice (Motion 5), plaintiff's motion in limine (Motion 6), plaintiff's motion for summary judgment (Motion 7), plaintiff's motion in limine (9), Defendant's motion to quash subpoena (Motion 11), and plaintiff's motion to amend complaint to add a party (Motion 12).

At the outset, the court grants plaintiff's motion to amend the complaint, which was not opposed. The proposed amended complaint adds plaintiff Noi Jones—Danielle's husband and co-owner of the subject property—and adds a claim related to accessing a utility pole.

The court next addresses the motion for summary judgment. "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hier v. Slate Valley Unified Sch. Dist.*, 2025 VT 2, ¶ 8 (quoting V.R.C.P. 56(a)). The initial burden falls on the moving party to show an absence of dispute of material fact. *Couture v. Trainer*, 2017 VT 73, ¶ 9, 205 Vt. 319 (citing V.R.C.P. 56(a)). If that showing is made, the burden shifts to the non-moving party to come forward with evidence that raises a dispute as to the facts in issue. *Clayton v. Unsworth*, 2010 VT 84, ¶ 16, 188 Vt. 432. Where that party bears the burden of proof on an issue, if fairly challenged by the motion papers, it must come forward with evidence sufficient to meet its burden of proof on that issue. *Burgess v. Lamoille Housing P'ship*, 2016 VT 31, ¶ 17, 201 Vt. 450. The evidence, on either side, must be admissible. V.R.C.P. 56(c)(1), (2) & (6); *Gross v. Turner*, 2018 VT 80, ¶ 8, 208 Vt. 112. All reasonable doubts and inferences are resolved in favor of the nonmoving party. *Boyd v. State*, 2022 VT

12, ¶ 19, 216 Vt. 272. Thus, "[i]n determining the existence of genuine issues of material fact, courts must accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." *Gates v. Mack Molding Co.*, 2022 VT 24, ¶ 13, 216 Vt. 379 (quotation omitted).

Despite her initial motion being filed pro se, Danielle substantially complied with Rule 56(c) by "by filing a separate and concise statement of undisputed material facts consisting of numbered paragraphs with specific citations to particular parts of materials in the record." V.R.C.P. 56(c)(1). In his response, however, Ken failed to comply with the rule's requirement that he "file a paragraph-by-paragraph response, with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute." V.R.C.P. 56(c)(2). Accordingly, the court "need not consider any facts outside of [Danielle's] statement of undisputed material facts in ruling on the summary judgment motion." *Caldwell v. Champlain Coll. Inc.*, 2025 VT 17, ¶ 9 (citing V.R.C.P. 56(c)(5)).

But even considering Ken's affidavit submitted in opposition to summary judgment, the court concludes that Danielle is entitled to summary judgment on her trespass claim concerning the shed. Ken does not dispute the boundary lines as surveyed by Matt Reed in 2024, which establish that Ken's shed encroaches on plaintiffs' property. And the undisputed facts do not support Ken's defense of adverse possession. "To achieve title through adverse possession, a claimant must demonstrate that possession of the land was open, notorious, hostile and continuous throughout the statutory period of fifteen years." *MacDonough-Webster Lodge No. 26 v. Wells*, 2003 VT 70, ¶ 24, 175 Vt. 382 (quotation omitted). Here, Ken's affidavit makes clear that he never excluded Noi and his family from his claimed property, and that the parties were not even aware that the shed was encroaching plaintiffs' property, until 2024. *See* Domina Aff. ¶¶ 16-17, 27. Ken accordingly cannot establish that his use was "exclusive" or "hostile."

As another superior court has explained in granting summary judgment against a claim of adverse possession:

> First, although adverse possession maybe established where the claim is based upon an honest, but mistaken, belief regarding the property boundaries, the claimant still must demonstrate an intent to exclude others from the property and thereby possess the property as their own. In this case, even assuming that [the alleged adverse possessors] were mistaken about their boundaries, there is no evidence that they intended to exclude others from the disputed areas by virtue of their activities. Second, it misplaces the burden of proof and subverts the policies favoring continued land ownership and neighborliness to require the true owners of property to interrupt minor activities and infringements that are not sufficient to ripen into a claim for adverse possession. The presumption of hostility does not arise until the claimant has engaged in open and notorious use of the property that indicates that an adverse claim has been asserted.

*Bloomer v. Lamphere*, No. 476-7-07 Rdcv, 2008 WL 6555539 (Vt. Super. July 31, 2008) (Teachout, J.) (quotations omitted).

For the reasons set forth above, the court concludes that no genuine issue of material of fact exists regarding the trespass claim related to the encroaching shed, and that plaintiffs are accordingly entitled to summary judgment on that claim.

That leaves the issue of injunctive relief or damages related the shed trespass claim, and plaintiffs' claims related to the utility pole.[1] The court is unable to conclude based on the current record whether and to what extent judgment is warranted on these issues.

Given the court's resolution of the summary judgment motion, the motion for judicial notice is moot. Similarly, the subpoena to Vermont Electric Coop seeking information to oppose Ken's adverse possession defense is no longer necessary. The motion to quash is accordingly granted.

The two pro se motions in limine filed by Danielle before retaining counsel are denied without prejudice to refile through counsel in advance of any trial in this case.

### Order

The motion for judicial notice (Motion 5) is DENIED.

The motions in limine (Motions 6 and 9) are DENIED.

The motion for summary judgment (Motion 7) is GRANTED IN PART.

The motion to quash the subpoena (Motion 11) is GRANTED.

The motion to amend the complaint is GRANTED.

The clerk shall set the case for a status conference to discuss remedies and plaintiffs' remaining claim concerning the utility pole.

Electronically signed on: 9/12/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge

---

[1] Danielle's summary judgment filings also reference a "harassment" claim but no such claim was pled in her original or amended complaint.