Filed 09/24/25

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-02814

| Jason Eaton v Nicholas Deml et al |
| --- |

## ORDER ON SUMMARY JUDGMENT MOTIONS

Petitioner Jason Eaton, a detainee in the custody of the Vermont Department of Corrections, filed this Rule 75 appeal to challenge his conviction for a Major B14-18 disciplinary report (DR). Pending before the court are dueling summary judgment motions. For the reasons set forth below, petitioner's motion is denied, and the Department's motion is granted.

### Background

The following facts are undisputed unless otherwise noted. Jason is detained pending serious charges in a prosecution that has received widespread publicity. On April 16, 2024, Jason notified correctional officers at Northern State Correctional Facility that he felt unsafe in his unit and requested to be placed in administrative segregation. On April 22, the Department granted Jason's request and placed him in administrative segregation. Jason thereafter agreed to return to the general population, and on April 26, he was placed in unit CA.

On May 25, Jason reported to a correctional officer having been threatened by his cellmate and requested placement in protective custody. The correctional officer notified the shift supervisor that Jason wished to speak with him and told Jason the supervisor would meet with him when the supervisor was making his rounds. After waiting in the dayroom for several hours without having made contact with the supervisor, the Department conducted its nightly headcount and Jason was ordered to lock into his cell for the night, with the cellmate who Jason claimed had threatened him. Jason refused to lock in and remained in the dayroom, which resulted in the Department issuing him a Major B14-18 violation ("Interfering with an officer in the performance of duties or any disobedience or refusal of an officer's instruction or order that threatens or disrupts institutional security or interferes with the taking of an official institutional headcount."). Jason was immediately handcuffed and placed in administrative segregation pending a violation hearing.

Following a hearing on May 31, 2024, a Department hearing officer found Jason guilty of the violation and sentenced him to 7 days of administrative segregation, with credit for time served. The hearing officer found by a preponderance of the evidence that

Jason was directed twice to lock into his cell but refused and stayed seated in the dayroom. The hearing officer also noted that Jason's stated reason for refusing to lock in was because his request for protective custody had not been answered. The hearing officer's findings were based on the Department's notice of hearing, disciplinary report, and investigation report, along with Jason's verbal testimony and the testimony of the correctional officer that Jason spoke with on May 25 and the shift supervisor, both of whom Jason called as witnesses.

Jason unsuccessfully appealed the DR conviction to the superintendent and then filed this appeal pursuant to Rule 75 of the Vermont Rules of Civil Procedure.[1]

### Analysis

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hier v. Slate Valley Unified Sch. Dist.*, 2025 VT 2, ¶ 8 (quoting V.R.C.P. 56(a)). "[W]hen reviewing a decision from an inmate disciplinary hearing, [the court] need find only that there was 'some evidence'" in order to uphold a conviction. *LaFaso v. Patrissi,* 161 Vt. 46, 49, 633 A.2d 695, 697 (1993). *King v. Gorczyk*, 2003 VT 34, ¶ 7, 175 Vt. 220 (quotation omitted). "The 'some evidence' standard requires [the court] to determine whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* Here, both sides have moved for summary judgment.

Jason argues that the DR conviction should be vacated because (i) there is no evidence in the record to support a finding that his refusal to lock in disrupted institutional security or interfered with the taking of an official institutional headcount, a necessary element of the charged violation; and (ii) the hearing officer failed to consider Jason's safety concerns as a defense to the violation. The Department argues that Jason's refusal of two orders to lock in were sufficient to establish the violation, and that Jason's subjective safety concerns did not excuse him from complying with the order to lock in. The Department accordingly argues that Jason's motion should be denied, and that summary judgment should be granted to the Department.

The court concludes that the Department is entitled to summary judgment because there is evidence in the record to support the DR conviction. The record reflects that Jason's refusal to lock in for the night occurred during the facility's nightly headcount, and accordingly, the court concludes that Jason's refusal "interfered with the taking of an official institutional headcount" insofar as it required the Department to divert its resources from taking the headcount to address Jason's refusal. *See* Pet.'s Exh. 3, at 8.

---

[1] Although not included as an exhibit attached to the summary judgment motion, the superintendent's appeal denial was attached to the complaint.

Moreover, the evidence in the record concerning threats to Jason's safety—which consists solely of Jason's statements about having been threatened earlier in the day—does not support a finding that Jason faced an immediate or imminent threat of physical harm that would support a self-defense or necessity defense to the violation, even assuming those defenses potentially could apply in this situation. *See, e.g., State v. Fonseca-Cintron*, 2019 VT 80, ¶ 11, 213 Vt. 11 (self-defense requires "immediate danger of unlawful bodily harm"); *State v. Thayer*, 2010 VT 78, ¶ 6, 188 Vt. 482 (necessity defense requires an "imminent and compelling" emergency that threatens harm).

## Order

Petitioner's motion for summary judgment is DENIED, and the Department's cross-motion for summary judgment is GRANTED.


Electronically signed on: 9/24/2025 pursuant to V.R.E.F. 9(d)


Benjamin D. Battles
Superior Court Judge