Filed 03/06/26

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02411

| Green Mountain Solar, LLC v. Bruce Heinrich |
| --- |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S BREACH OF CONTRACT COUNTERCLAIM

This case stems from an agreement between Green Mountain Solar LLC (GMS) and Bruce Heinrich for GMS to install a solar array at Heinrich's house in Newport. Currently pending before the court is GMS's motion for summary judgment on Heinrich's counterclaim for breach of contract. Heinrich also seeks permission to file a sur-reply on the motion. For the reasons that follow, the motion for summary judgment is granted in part and denied in part, and the leave to file a sur-reply is denied.

### Background

Unless otherwise noted, the following facts are undisputed. In 2021, the parties entered into an agreement where GMS would install a roof-mounted solar array on Heinrich's house in Newport in exchange for payments totaling $123,289. Per the agreement, the final payment of $35,986.70 was to be made upon completion of the installation. The agreement provides that the project would be considered completed "upon commission of inverter system and submission of meter request to client's utility." Pl.'s SUMF, ¶ 5. GMS commissioned the inverter system and submitted a meter request to the utility serving the property. GMS notified Heinrich that the project was completed and requested the final payment. The parties, however, dispute whether the project was completed in accordance with the definitions provided in the parties' agreement. Specifically, Heinrich claims that GMS damaged the roof on the house during installation. Heinrich did not ultimately make the final payment requested by GMS.

The roof on the house was installed by Maple Leaf Roofing. After the solar installation was completed, Maple Leaf Roof provided an estimate to Heinrich that it would cost $124,000 to repair the damage to the roof caused by GMS. GMS disputes that this estimate accurately reflects the extent and costs of any needed repair.

After GMS's work was completed, Heinrich conveyed the property by quitclaim deed to his daughter Christine Dowd Heinrich and son-in-law Matthew Clark. The transfer of the property was a gift and Heinrich received no compensation for the transfer. There is no written agreement for Christina and Matthew to pay Heinrich at some time in the future. The roof currently functions properly, although Heinrich claims there is significant

cosmetic damage and that warranties have been invalidated because of GMS's work. Heinrich has not paid for any work to repair the damage allegedly caused by GMS.

## Analysis

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hier v. Slate Valley Unified Sch. Dist.*, 2025 VT 2, ¶ 8 (quoting V.R.C.P. 56(a)). All reasonable doubts and inferences are resolved in favor of the nonmoving party. *Boyd v. State*, 2022 VT 12, ¶ 19, 216 Vt. 272. Thus, "[i]n determining the existence of genuine issues of material fact, courts must accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." *Gates v. Mack Molding Co.*, 2022 VT 24, ¶ 13, 216 Vt. 379 (quotation omitted).

GMS seeks summary judgment on Heinrich's counterclaim for breach of contract. GMS argues that Heinrich cannot prove damages based on GMS's alleged breach because Heinrich no longer owns the property; Heinrich made no repairs to the property; and Heinrich did not discount the sale price of the property, which was given as a gift to his daughter and son-in-law. Heinrich argues he can sustain the claim because his property was damaged while he owned it. The court agrees with GMS that the undisputed facts, as established by the parties' summary judgment filings, show that Heinrich suffered no compensable damages because of GMS's alleged breach of contract.[1]

It does not necessarily follow, however, that GMS is entitled to summary judgment dismissing the counterclaim. Although the Vermont Supreme Court has held that "[f]ailure to prove damages is fatal to a claim for breach of contract" in some contexts, *Kelly v. Univ. of Vermont Med. Ctr.*, 2022 VT 26, ¶ 36, 216 Vt. 445, it has also endorsed the Restatement principle that "if a breach of contract 'caused no loss or if the amount of the loss is not proved . . . a small sum fixed without regard to the amount of loss will be awarded as nominal damages," *Herrera v. Union No. 39 Sch. Dist.*, 2006 VT 83, ¶ 21, 181 Vt. 198 (2006) (quoting Restatement (Second) of Contracts § 346)); *see also Ely-Cruikshank Co. v. Bank of Montreal*, 65 N.E.2d 985, 986-87 (N.Y.) (holding that, under New York law, breach of contract accrues at the time of the breach and noting that, because "nominal damages are always available in breach of contract actions," all necessary elements of claim were present at the time of the alleged breach even if damages accrued later). In the unique context of this case, the court concludes that Heinrich may be entitled to an award of nominal damages if he proves that GMS breached its contractual duties, even though Heinrich cannot prove any actual economic loss. The court thus declines to dismiss the counterclaim but limits any relief on that counterclaim to an award nominal damages.

---

[1] Although the court declined to dismiss the breach of contract claim at the pleading stage, that decision was based on the allegations in the complaint and the more lenient standard that applies on a Rule 12(b) motion.

The court further denies Heinrich's motion for leave to file a sur-reply as the proposed sur-reply essentially essentially rehashes arguments made in the opposition memorandum. *See* V.R.C.P. 7(b)(4).

## Order

The motion for summary judgment is GRANTED IN PART and DENIED IN PART. Any award on defendant's counterclaim for breach of contract shall be limited to nominal damages.

The motion for leave to file a sur-reply is DENIED.

The parties shall file a stipulated pretrial schedule, or their respective proposals, by March 20, 2026.

Electronically signed on: 3/6/2026 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge